J. Irwin Shapiro, J.
This is a motion by the third-party defendant ‘ ‘ for an order directing the plaintiff to submit to a physical examination ” by a doctor whom it names in its notice.
The plaintiff, by his attorney, in opposing the motion, says:
‘ ‘ I respectfully submit that my client is not suing the third party defendant * * * and is not interested in said defendant and owes this defendant nothing and since my client was examined physically by the City of New York, he owes no obligation to allow the third party defendant to examine him physically * * * I therefore submit that this third party defendant is not entitled to any physical examination of my client. ’ ’
This objection disregards the language of subdivision 2 of section 193-a of the Civil Practice Act, which so far as here material, reads: “For the purpose of contesting plaintiff’s
claim against the third-party plaintiff, the third-party defendant shall have the rights of a party adverse to the plaintiff, including the right to appeal.”
It is obvious that this language was carefully chosen so that a third-party defendant would not be at the mercy of a mer’© formal or inept defense to a plaintiff’s claim by a third-party plaintiff who was relying upon the fact that in the final analysis *79 he would be relieved of any judgment that might be rendered against him because he would be entitled to recover-over on Ms third-party complaint. The statute thus placed the third-party defendant on -a parity with the original defendant insofar as defending against plaintiff’s complaint was concerned, and so it has been held.
In Anida Realty Corp. v. 6145 Realty Corp. (197 Misc. 157) the court said: “ It is within the contemplation of section 193-a of the Civil Practice Act that a third-party defendant may oppose the claims of plaintiff against the defendant, third-party plaintiff. This third-party defendant has squarely put in issue the allegations of plaintiff’s complaint. It follows that it is entitled to a bill of particulars ” (of plaintiff’s complaint).
In Mansfield Iron Works v. Silveri (106 N. Y. S. 2d 496, 497) the court in denying a motion by plaintiff for summary judgment against the tMrd-party plaintiff for lack of jurisdiction, because notice of the motion had not been given to the third-party defendant, said: “ Thus, under that statute (Civ. Prac. Act, § 193-a) a third-party defendant becomes a party to the action not merely in respect to the claim asserted by the tMrd-party plaintiff, but also as to the cause of action asserted by the plaintiff against the tMrd-party plaintiff.” (See, also, Rivkind v. Fried, 13 Misc 2d 943.)
The tMrd-party defendant is, of course, very vitally interested in the quantum of the damage which the plaintiff in this personal injury action may be awarded against the third-party plaintiff, because in the final analysis it may be called upon to pay such amount.
The physical examination is allowed, but in view of the objection to the doctor designated by the third-party defendant and plaintiff’s request that if allowed “such examination ■should be conducted by an impartial doctor to be appointed by the Court and not by a doctor of the third party defendant’s choice ’ ’, the court will in the order, which is to be settled on notice, designate the doctor.
Counsel upon settlement will please inform the court of the nature of the injuries claimed so the court will know what kind of a doctor to appoint. The doctor’s fee will be paid by the movant, but Ms report will be made available to both sides. (Feinberg v. Fairmont Holding Cory., 272 App. Div. 101 [2d Dept.]; Kuyamjian v. Murrah, 5 Misc 2d 204 [1st Dept.]; Del Ra v. Vaughan, 2 A D 2d 156 [3d Dept.]; but, see, for the contrary the rule in the 4th Dept., Swiatlowski v. Kasprzyk, 3 A D 2d 261.)
Submit order.