LUZ M. DELGADO et al., Appellants, *v.* JAMES FOGLE, JR., et al., Respondents.

Second Department, May 12, 1969.

*Delukey & Shapiro* (*Stanley Shapiro* of counsel), for appellants.

*Bower, O'Connor, Taylor & Gardner* (*John Gardner* of counsel), for respondents.

MARTUSCELLO, J. The action is to recover damages, *inter alia*, for personal injuries sustained by plaintiff Luz Maria Delgado. The question presented upon this appeal is whether defendants who, having been served by the plaintiffs with a notice of availability for physical examination pursuant to former rule I of part 4 of the Rules of the Appellate Division, Second Department (retitled and renumbered 22 NYCRR 672.1), neglect either to conduct the examination at the time and place specified in the notice or, in the alternative, to move to modify or vacate the notice within the time permitted, thereby waive the right to conduct a physical examination thereafter.

In accordance with the said rule I, the plaintiffs duly served upon the defendants a notice stating that the injured plaintiff would be available for a physical examination on April 5, 1968 at the office of her attorneys. On March 14, 1968 the defendants designated a physician to conduct the examination and forwarded a copy of the memorandum assigning the physician to the plaintiffs' attorneys. Neither the defendants' attorneys nor the physician they designated appeared to conduct the examination at the time and place specified in the plaintiffs' notice. By notice of motion dated May 17, 1968, the defendants moved for an order directing the plaintiffs to submit to a physical examination. The motion was granted and the plaintiffs appealed.

Rule I was designed not merely to provide an orderly mode of procedure to govern the conduct of pretrial physical examinations and the exchange of medical information, but, additionally, to insure that such proceedings are concluded with all practical dispatch. Rule I is clear in terms and casts an affirmative duty upon a defendant served with a notice pursuant thereto either to proceed with the examination at the time and place specified in the notice or, in the alternative, to move to modify or vacate the notice within five days after receipt. The recipient of such a notice is neither free to ignore it with impunity nor free to treat it as nothing more than a suggested date.

Accordingly, if, at the time of receipt of the notice, it appears to the recipient that the time or place specified therein is not mutually convenient, the recipient *must* move, in accordance

with rule I, for a modification of the notice, unless, of course, the parties stipulate to an adjourned date. In the absence of such a modification or stipulation, a defendant who fails to proceed in accordance with the notice is in default and will be deemed to have waived the right to conduct such a physical examination in the future. Such a defendant may be relieved of the default only upon demonstrating the existence of a reasonable excuse therefor.

In the case at bar, the defendants' explanation for their failure to proceed with the physical examination in accordance with the plaintiffs' notice is inadequate. The defendants' disputed claim that the physician they designated sent the plaintiffs a postcard requesting them to suggest a mutually convenient date serves only to further illustrate the defendants' failure to treat the notice as creating an obligation on their part. Inasmuch as this is the first occasion that we have been called upon to delineate the rights and obligations created by rule I (which rule, in our opinion, is clear on its face), and since it does not appear that the plaintiffs have been unduly prejudiced, the defendants should be relieved of their default; however, the Bar is put on notice that in the future rule I will be *strictly* enforced in accordance with the views expressed herein.

Affirmance is indicated by the foregoing. However, it is necessary to modify the order because it directs both plaintiffs to submit to a physical examination, but obviously examination of only the injured plaintiff was intended.

CHRIST, Acting P. J., BRENNAN, HOPKINS and BENJAMIN, JJ., concur.

Order modified, on the law and the facts, by directing that only plaintiff Luz Maria Delgado shall be examined and not both plaintiffs. As so modified, order affirmed, with $10 costs and disbursements to appellants. The examination shall proceed at the place specified in the order under review at a time to be fixed in a written notice of at least 10 days, to be given by defendants, or at such other time and place as the parties may agree.