## (October 1, 1973)

■ JOAN LI BASSI, Respondent, v. JOSEPH LI BASSI, Appellant.— In an action *inter alia* to adjudge deeds to real property void and for partition and an accounting, defendant appeals from so much of an order of the Supreme Court, Richmond County, dated June 13, 1973, as granted plaintiff's motion to strike defendant's jury demand and denied defendant's cross motion to dismiss the complaint. Order affirmed insofar as appealed from, with $20 costs and disbursements. This determination is without prejudice to the right of defendant, if so advised, to apply for a jury trial of the issues of partition, if plaintiff should prevail on her equitable causes of action to set aside the transfer of the subject property (see *Gifford* v. *Whittemore*, 4 A D 2d 379, 383). Munder, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ MARY BOWEN et al., Appellants, v. ALBERT FIORE, SR., et al., Respondents.— In this negligence action to recover damages for personal injuries, loss of services and medical expenses, plaintiffs appeal from so much of an order of the Supreme Court, Kings County, dated May 23, 1973, as, in denying defendants' motion to strike plaintiffs' statement of readiness " and/or " to dismiss the complaint, did so on condition that plaintiff Mary Bowen submit to a physical examination. Order reversed insofar as appealed from, with $20 costs and disbursements, and motion denied unconditionally. Plaintiffs served a notice of availability for physical examination upon defendants, advising that plaintiff Mary Bowen would be available for a physical examination at a date and time specified in the notice. It was inconvenient for defendants' examining physician to conduct the examination at the specified time and no new arrangement was agreed to by plaintiffs. Almost nine months later, on January 16, 1973, plaintiffs served defendants by mail with a statement of readiness, filing it the following day. Defendants made the motion under review on February 20, 1973. It is clear that a defendant who fails to move to strike a statement of readiness within 20 days after its service is deemed to have waived his right to thereafter conduct a physical examination of the injured plaintiff (22 NYCRR 675.3; *Colonel* v. *Mynel Transp. Corp.*, 23 A D 2d 757; *Williams* v. *New York City Tr. Auth.*, 23 A D 2d 590; *Juett* v. *Paesani*, 19 A D 2d 726; *Levy* v. *Wexler*, 16 A D 2d 688). To allow a physical examination to be conducted at bar, where there has been no showing of special, unusual or extraordinary circumstances or that unanticipated conditions developed subsequent to the service of the statement of readiness, would appear to constitute an improvident exercise of discretion, (*Fuoco* v. *Boyle Bros.*, 40 A D 2d 943; *Negron* v. *Kaufman*, 26 A D 2d 548; *Colonel* v. *Mynel Transp. Corp.*, supra; *Williams* v. *New York City Tr. Auth.*, supra; *Price* v. *Brody*, 7 A D 2d 204, 205–206). In addition, as no reasonable excuse was even offered for defendants' failure to move either to vacate or modify plaintiffs' notice of availability, in accordance with the rules of this court (22 NYCRR 672.1), defendants are deemed to have waived their right to conduct a physical examination in the future (*Delgado* v. *Fogle*, 32 A D 2d 85; *Roundsman* v. *Skinner*, 39 A D 2d 595). Gulotta, Acting P. J., Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: Under the circumstances of this case, involving a bona fide attempt on the part of defendants in perfecting arrangements for a physical examination, at a time convenient for their physician, the activity of plaintiffs in avoiding such examination, and the views of the experienced Justice at Special Term, the order should be affirmed.