■ JOSE DE LEON, an Infant, by His Mother and Natural Guardian, PAULA QUINONES, et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court (Zeck, J.), dated December 31, 1980, and entered in Kings County, which (1) granted plaintiffs' motion to set aside a jury verdict in favor of defendant following a trial on the issue of liability, and (2) ordered a new trial. Order reversed, without costs or disbursements, motion denied and verdict reinstated. Plaintiffs bore the burden of proving that the accident in question, which occurred on August 17, 1970, resulted from defendant's negligence, and not, to any degree, from contributory negligence on the part of the infant plaintiff (see *Gloshinsky v Bergen Milk Transp. Co.,* 279 NY 54, 58). In attempting to establish defendant's negligence and the infant plaintiff's freedom from contributory negligence, plaintiffs relied primarily upon the testimony of the infant plaintiff and his sisters, who were sympathetic to plaintiffs' position. The jury rendered a verdict in favor of defendant, which the trial court set aside as against the weight of the evidence. However, it was within the province of the jury to determine the credibility of the witnesses, and to refuse to credit the testimony of certain witnesses. It cannot be said that the verdict in favor of defendant was not based upon a fair interpretation of the evidence (see *Sorokin v Food Fair Stores,* 51 AD2d 592). Mollen, P. J., Gulotta, Weinstein and Thompson, JJ., concur.

■ PETER DINGEE, SR., et al., Respondents, v JOHN M. DOMINICK et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants appeal from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated December 17, 1980, as, upon reargument, adhered to the original determination denying their motion to compel the injured plaintiff to appear for a physical examination. Order affirmed insofar as appealed from, with $50 costs and disbursements. Having failed to properly respond to two notices of availability for physical examination, served by plaintiffs in January and July, 1979, pursuant to 22 NYCRR 672.1, or to request such examination in October, 1979, when plaintiffs served a supplemental bill of particulars mentioning additional injuries, and instead seeking to examine the injured plaintiff only after plaintiffs served their note of issue and statement of readiness in July, 1980, defendants have waived their right to a physical examination (see 22 NYCRR 672.1; 672.7; *Delgado v Fogle,* 32 AD2d 85; *Juett v Paesani,* 19 AD2d 726). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.