◼ RETHA SLOAN et al., Appellants, v BRIGGS LEASING CORP., Defendant, and THOMAS GAMBINO et al., Respondents. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), entered April 18, 1983, as granted defendants', Thomas Gambino and Kathryn Gambino, motion to strike the case from the Trial Calendar to the extent of directing plaintiffs to submit to physical examinations. Order reversed, insofar as appealed from, with costs, and defendants', Thomas Gambino and Kathryn Gambino, motion is denied in its entirety. In this personal injury action, plaintiffs served the Gambinos on April 1, 1981 with a notice of availability for physical examinations, setting forth the time and place of examinations, pursuant to the rules of this court (22 NYCRR 672.1). The Gambinos claim to have then served plaintiffs on April 16, 1981 with a notice designating the physician who would perform the examinations at the time and place fixed by plaintiffs. While there is a dispute as to whether the notice of designation was in fact served, it is clear that the notice, if served, was untimely, as it was not submitted within five days of receipt of the notice of availability (22 NYCRR 672.1). In any event, there is no dispute that the Gambinos' doctor failed to appear at the time and place designated for the examinations, and the Gambinos did nothing further for almost two years to cause plaintiffs to be examined. On February 3, 1983, plaintiffs served their note of issue and statement of readiness. Thereafter, on March 29, 1983, the Gambinos moved to strike the case from the calendar upon the ground that plaintiffs had yet to be examined. Since a motion to strike must be made within 20 days after service of the statement of readiness (22 NYCRR 675.3), this motion was untimely as well. Nevertheless, Trial Term granted the motion to the extent of directing plaintiffs to submit to examinations. Trial Term should have denied the motion in its entirety. By failing to move to strike the statement of readiness within 20 days after its service, the Gambinos are deemed to have waived their right to thereafter conduct physical examinations (22 NYCRR 675.3; *Bowen v Fiore,* 42 AD2d 960). Further the Gambinos are likewise deemed to have waived their right to physical examinations of the injured plaintiffs by failing to have established any reasonable excuse for their noncompliance with 22 NYCRR 672.1 (*Dingee v Dominick,* 85 AD2d 593; *Bowen v Fiore, supra; Delgado v Fogle,* 32 AD2d 85). Accordingly, the order appealed from must be reversed, insofar as appealed from, and the Gambinos' motion to strike must be denied in its entirety. Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.