■ STEVEN LEVINE, Appellant, v THOMAS McFARLAND et al., Respondents, et al., Defendant. — In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated May 3, 1983, as, in denying defendants McFarland and Garofolo's motion to strike the case from the Trial Calendar, directed plaintiff to submit to a joint physical examination on behalf of said defendants upon condition that their attorney pay the sum of $500 to plaintiff. Order reversed, insofar as appealed from, with costs, and defendants McFarland and Garofolo's motion is denied without limitation. A precalendar conference was held in this matter on June 23, 1982. An order was issued by the Justice presiding at the conference (Aronin, J.), directing that a physical examination of plaintiff be held "on or before 8/1/82". The physical examination did not take place. At a compliance hearing, held on September 23, 1982, plaintiff argued that defendants had waived their right to such an

examination. The court (Vaccaro, J.), agreed, after counsel for defendants McFarland and Garofolo stated that he could not give "you [the court] a reason why it [the physical examination] has not been held". Plaintiff served his note of issue and statement of readiness by mail on February 17, 1983. By notice of motion dated March 16, 1983, defendants McFarland and Garofolo moved to strike the case from the calendar because, among other grounds not relevant to this appeal, plaintiff had not yet been physically examined. Special Term (Vaccaro, J.), in the order appealed from, "denied" the motion and then, purporting to exercise its discretion "in the interest of justice", directed plaintiff to submit to a joint physical examination upon the condition that the attorney for the movants pay to the plaintiff the sum of $500. The court cited our decision in *Carrano v Mistratta* (91 AD2d 1056), which had been handed down on January 31, 1983. No reasonable excuse being offered for McFarland and Garofolo's failure to arrange for and conduct a physical examination of plaintiff as per Justice Aronin's order, defendants waived their right to a physical examination (see *Sloan v Briggs Leasing Corp.,* 97 AD2d 818; *Delgado v Fogle,* 32 AD2d 85; *Dingee v Dominick,* 85 AD2d 593). As Special Term noted, there are situations, in the interest of justice and absent prejudice to his opponent, nonetheless, where a party may be relieved of a waiver of his right to conduct a physical examination (see *Carrano v Mistratta, supra*). If defendants McFarland and Carofolo had brought a timely motion to strike the case from the Trial Calendar and/or to compel a physical examination, we would hesitate to interfere with the exercise of the court's discretion in this regard. However, in this case the motion to strike was untimely. Service of the statement of readiness was made on February 17, 1983. Taking into account the five additional days prescribed by CPLR 2103 (subd [b], par 2), a motion to strike should have been brought by March 14, 1983 (22 NYCRR 675.3). Defendants McFarland and Garofolo did not move until March 16, 1983. The motion having been made later than authorized according to the rules of this court (22 NYCRR 675.7), "[t]o allow a physical examination to be conducted at bar, where there has been no showing of special, unusual or extraordinary circumstances or that unanticipated conditions developed subsequent to the service of the statement of readiness, would appear to constitute an improvident exercise of discretion" (*Brown v Fiore,* 42 AD2d 960; see *Sloan v Briggs Leasing Corp., supra; Colonel v Myrel Transp. Corp.,* 23 AD2d 757). Accordingly, the order of Special Term must be reversed, insofar as appealed from, and the motion to strike must be denied in its entirety, without limitation or condition. Mangano, J. P., Gibbons, Weinstein and Brown, JJ., concur.