■ STEVEN KANTERMAN, Respondent, v NICK PALMIOTTI, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated June 24, 1985, which denied his motion to strike the case from the calendar or, in the alternative, to compel the plaintiff to submit to a physical examination.

Order reversed, in the exercise of discretion, without costs or disbursements, and that branch of the defendant's motion which was to compel the plaintiff to submit to a physical examination by an otolaryngologist granted, on condition that defense counsel personally pays the plaintiff $500 within 10 days after service upon defense counsel of a copy of the order to be made hereon, with notice of entry; in the event such condition is not complied with, order affirmed, with costs. The examination shall proceed expeditiously at a time and place to be fixed in a written notice of not less than 10 days, to be given by the defendant, after payment of the $500, or at such time and place as the parties may agree.

Although the defendant waived his right to a physical examination of the plaintiff by an otolaryngologist by his failure to arrange for such an examination within the 60-day time period set forth in an order of the Justice presiding at a precalendar conference hearing (see, Levine v McFarland, 98 AD2d 795; Sloan v Briggs Leasing Corp., 97 AD2d 818; Delgado v Fogle, 32 AD2d 85) and, again, by his failure to move to strike the case from the calendar and/or to compel a physical examination within 20 days from the date the plaintiff filed a note of issue and statement of readiness (22 NYCRR former 675.3, now 22 NYCRR 202.21 [e]; Levine v McFarland, supra; Bowen v Fiore, 42 AD2d 960; Huttner v Mayberry, 96 AD2d 527), the circumstances of this case warrant relieving the defendant of his waiver. Here, the plaintiff served a note of issue and statement of readiness on April 25, 1985, three

days after the expiration of the time period set forth in the precalendar order for conducting physical examinations of the plaintiff and prior to the earliest date contemplated by said order for placing the case on the calendar, as evidenced by the fact the precalendar order gave the defendant until May 11, 1985 (30 days after completion of all the depositions scheduled to be held on April 11, 1985) to commence a third-party action. Within 20 days after the plaintiff prematurely filed a note of issue and statement of readiness, the defendant's insurance carrier designated an otolaryngologist to examine the plaintiff and, thereafter, notified the plaintiff that another physician had been substituted due to the illness of the first designated physician. When the plaintiff declined to consent to such an examination, the defendant promptly made the instant motion to strike the case from the calendar or, in the alternative, to compel a physical examination of the plaintiff by an otolaryngologist. No prejudice would accrue to the plaintiff by reason of the short delay involved. In the interest of justice, the defendant should be permitted to conduct a physical examination of the plaintiff by an otolaryngologist. However, since the defendant has failed to proffer a reasonable excuse for failing to schedule and obtain such an examination within the time frame prescribed in the precalendar order and as the rules of this court cannot be disregarded with impunity (see, Cohen v Finkelstein, 66 AD2d 831, 832), we have conditioned the granting of such relief upon the payment of $500. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.