■ LYNN R. D'AMICO, Respondent, v GERARD V. NUZZO et al.,

Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal (1) from an order of the Supreme Court, Nassau County (Lockman, J.), entered July 9, 1985, which denied their motion to strike the note of issue and statement of readiness as premature and to compel the plaintiff to submit to a further medical examination, and (2) as limited by their brief, from so much of a further order of the same court, entered October 29, 1985, as, upon renewal, adhered to the original determination.

Appeal from the order entered July 9, 1985, dismissed. That order was superseded by the order entered October 29, 1985, made upon renewal.

Order entered October 29, 1985, modified, by deleting the provision thereof which adhered to so much of the original determination denying that branch of the defendants' motion which was for a further physical examination of the plaintiff, and substituting therefor a provision granting that branch of the motion. As so modified, order entered October 29, 1985, affirmed insofar as appealed from. Order entered July 9, 1985, modified accordingly. The examination shall take place at such time and place as shall be fixed in a written notice by the defendants of not less than 20 days. The time within which the defendants may serve such a notice is extended until 20 days after service on them by the plaintiff's attorney of a copy of the order to be made hereon, with notice of entry.

The appellants are awarded one bill of costs.

The plaintiff served and filed a note of issue and statement of readiness on February 15, 1985. On February 26, 1985, the defendants moved to strike the notice of issue on the ground that discovery was not yet completed, or in the alternative, for an order compelling the plaintiff to submit to a further physical examination while the action remained on the Trial Calendar. Special Term denied the motion as untimely citing the case of *Sloan v Briggs Leasing Corp.* (97 AD2d 818), in which this court held that pursuant to 22 NYCRR former 675.3, a motion to strike must be made within 20 days after service of the statement of readiness. From the record, however, it is clear that the defendants' motion was timely, having been made only 11 days after service of the statement of readiness. As such, the defendants should not have been required to show extraordinary circumstances to justify conducting a further physical examination of the plaintiff.

We find that it would be in the interest of justice to permit the defendants the opportunity to conduct a further examina-

tion. The original examination was conducted without the benefit of the plaintiff's previous medical records containing information as to several preexisting conditions, which information was certainly relevant to determining the causal relationship between the plaintiff's current condition and the defendants' alleged negligence. Moreover, at the original examination of the plaintiff, she was wearing a cast and walking with crutches, due to an unrelated procedure on her toe. This prevented the physician from performing a complete examination at that time. "In the case of serious injury, it is perfectly proper to require a plaintiff to submit to more than one examination" *(Goldman v Linkoff,* 45 AD2d 709, 710; *Carden v Callocchio,* 100 AD2d 608). By retaining the matter on the Trial Calendar, the plaintiff will suffer no prejudice as a result of submitting to an additional examination. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.