■ BEVERLY I. BECKER et al., Appellants, v BRIAN M. CHMURA, Respondent.—Mecure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 15, 1987 in Schenectady County, which denied plaintiffs' motion for a protective order.

This is an action in which recovery is sought for personal injuries alleged to have been sustained by plaintiffs Beverly I. Becker and Victoria G. Penman. Subsequent to joinder of issue, plaintiffs served a "notice of availability for physical examination", dated August 22, 1986, demanding that defendant conduct a physical examination of the injured plaintiffs in Schenectady County within 60 days of the date thereof. There is no indication in the record that defendant moved to modify or vacate or otherwise contested this notice. On or about July 20, 1987, defendant served separate notices of physical examination of each of the injured plaintiffs, to be conducted by different physicians at their respective offices in Albany County. Plaintiffs timely moved for an order of protection, which motion was denied by Supreme Court upon the ground that plaintiffs had failed to provide evidence of an underlying burden, serious inconvenience or serious hardship that would justify the relief sought. This appeal followed.

Initially, we observe that Uniform Rules for Trial Courts (22 NYCRR) § 202.17 now provide additional procedure and impose additional requirements to CPLR 3121 (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3121:4, at 572-573). The rule, effective January 6, 1986, concomitant with the inception of the Individual Assignment System, is applicable to actions, such as the instant one, pending on its effective date (see, 22 NYCRR 202.17 [a]). As is relevant hereto, the rule provides: "At any time after joinder of issue and service of a bill of particulars the party to be examined or any other party may serve on all other parties a notice fixing the time and place of examination. Unless otherwise stipulated the examination shall be held not less than 30 nor more than 60 days after service of the notice * * * If the

*notice is served by the party to be examined, the examining parties shall, within five days of receipt thereof, submit to the party to be examined the name of the physicians who will conduct the examination. Any party may move to modify or vacate the notice fixing the time and place of examination or the notice naming the examining physicians, within ten days of the receipt thereof, on the grounds that the time or place fixed or the physician named is objectionable"* (22 NYCRR 202.17 [a] [emphasis supplied]).

Defendant, having failed to move against plaintiffs' notice, is not entitled to physical examinations other than in accordance with its terms* *(see, Palmieri v Romat Realty Corp.,* 45 AD2d 948, 949 [decided under 22 NYCRR former 660.11 (a)]; *Roundsman v Skinner,* 39 AD2d 595 [decided under 22 NYCRR former 672.1]; *Delgado v Fogle,* 32 AD2d 85 [decided under Rules of App Div, 2d Dept, former rule I, part 4]). Therefore, plaintiffs' motion should have been granted and the notices vacated. Under the circumstances present here, however, defendant shall be granted leave to serve further notices fixing the place of examinations within Schenectady County.

We have considered the other arguments of the parties and find them to be either without merit or not preserved for our review.

Order reversed, on the law and the facts, with costs, and motion granted without prejudice to service by defendant, within 30 days after service of a copy of the order to be entered upon this court's decision with notice of entry, of notices fixing the place of examinations within Schenectady County. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.

---

* Plaintiffs did not move to vacate defendant's notice of examination upon the ground of timeliness. Only the place of examination is contested. In fact, plaintiffs have consented to physical examinations within Schenectady County.