■ VERONICA L. WILLIAMS, Appellant, v LONG ISLAND COLLEGE HOSPITAL, Defendant and Third-Party Plaintiff-Respondent. STEVEN BERKMAN, Third-Party Defendant-Respondent.— In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated November 23, 1987, as in denying the

motion of the defendant Long Island College Hospital to dismiss the complaint, directed her to submit to a physical examination on behalf of the hospital and granted the cross motion of the third-party defendant Dr. Steven Berkman to the extent of directing her to submit to a physical examination on his behalf and to an examination before trial.

Ordered that the order is modified by adding thereto a provision that the direction permitting a physical examination of the plaintiff by the Long Island College Hospital is conditioned upon the payment of $2,000 by the hospital counsel personally to the plaintiff within 10 days after service upon it of a copy of this decision and order, with notice of entry, and providing that in the event the condition is not complied with, the order is modified by denying the hospital's motion to dismiss unconditionally; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff. The examination by the defendant hospital shall proceed expeditiously at a time and place to be fixed in a written notice of not less than 10 days, to be given by the defendant hospital, after payment of the $2,000, or at such time and place as the parties may agree. The examination by the defendant Berkman shall proceed expeditiously at a time and place to be fixed in a written notice of not less than 10 days to be given by Berkman, or at such time and place as the parties may agree.

The Long Island College Hospital (hereinafter LICH) waived its right to conduct a physical examination of the plaintiff by its failure to arrange for such an examination within the 45-day time period set forth in the precalendar order dated January 25, 1984 (see, Kanterman v Palmiotti, 122 AD2d 116; Levine v McFarland, 98 AD2d 795, 796) and, again, by its failure to move to strike the case from the Trial Calendar and/or to compel a physical examination within 20 days from the date the plaintiff filed a note of issue and statement of readiness, i.e., October 22, 1986 (see, 22 NYCRR 202.21 [e]; Russell v Bessen, 126 AD2d 716; Kanterman v Palmiotti, supra; Sloan v Briggs Leasing Corp., 97 AD2d 818). However, in certain situations where no prejudice would result to the opposing party, the court may exercise its interest of justice jurisdiction to relieve a party of a waiver of his or her right to conduct a physical examination (see, Kanterman v Palmiotti, supra; Levine v McFarland, supra). The circumstances of this case warrant relieving LICH of its waiver. We note that by letter dated May 27, 1987, the attorney for the plaintiff consented to the physical examination by LICH, albeit with

certain conditions. No prejudice to the plaintiff has been shown since the case will be retained on the Trial Calendar *(see, D'Amico v Nuzzo,* 122 AD2d 246, 248). The branch of the order directing the plaintiff to submit to a physical examination is conditioned upon the payment of $2,000 because LICH has not proffered a reasonable excuse for its noncompliance with the precalendar order or the rules of this court *(see, Kanterman v Palmiotti, supra; Cooper v Cheek,* 122 AD2d 187; *Carrano v Mistratta,* 91 AD2d 1056).

The plaintiff's arguments concerning the propriety and timeliness of the third-party action are not properly presented on this appeal as no motion to dismiss or to sever the third-party action has been made. We address only the issues related to the order of disclosure with respect to the third-party defendant. The third-party defendant has a right to examine the plaintiff before trial *(see, Rizzo v Steiner,* 20 AD2d 909; *Rosado v Valvo,* 58 Misc 2d 944) and to compel the plaintiff to submit to a physical examination by a doctor designated by him *(see, Sorrentino v City of New York,* 14 Misc 2d 78). In this regard, the third-party defendant should not be "at the mercy of a mere formal or inept defense to [the] plaintiff's claim by [the] third-party plaintiff" *(Sorrentino v City of New York, supra,* at 78). Thus, the third-party defendant's right to disclosure at bar is undiminished by any dilatory conduct in which LICH or its attorneys may have engaged in the course of disclosure in the original action. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.