■ RODNEY L. STONES et al., Respondents, v CARRIE L. KELLISON et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Bradley, J.), entered January 8, 1990 in Ulster County, which limited defendants' choice of a physician to conduct a physical examination of plaintiff Rodney L. Stones.

This is an action for personal injuries arising out of an automobile accident on October 7, 1988. By notice dated October 30, 1989, plaintiff Rodney L. Stones (hereinafter plaintiff) was required to appear for a medical examination in the City of Newburgh, Orange County. No motion for a protective order was made by plaintiff. On December 4, 1989 at a preliminary conference with Supreme Court, plaintiff's attorney objected to submitting his client to the examination because the locale of the doctor's office was inconvenient, being 10 miles further than medical offices in the City of Poughkeepsie, Dutchess County, where plaintiff desired to be examined. The court ordered defendants to choose a physician in either Dutchess or Ulster County. This appeal by defendants ensued. We reverse.

As we noted in *Becker v Chmura* (139 AD2d 826), the "Uniform Rules for Trial Courts (22 NYCRR) § 202.17 now provide additional procedure and impose additional requirements to CPLR 3121". This rule provides that any party may move to modify or vacate the notice fixing the time and place of the examination within 10 days of the receipt thereof (22 NYCRR 202.17 [a]). Plaintiff, having failed to move to modify or vacate the notice fixing the time and place of the examination, must comply with the notice served upon him by defendants *(see, Becker v Chmura, supra)*.

Order reversed, on the law, without costs, and defendants' notice dated October 30, 1989, reinstated. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.