■ RENEE R. WILLIAMS, Respondent, v 55 WALL STREET, INC., et al., Defendants and Third-Party Plaintiffs. NATIONAL CLEANING CONTRACTORS, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [658 NYS2d 638] —In an action to recover damages for personal injuries, the third-party defendant National Cleaning Contractors appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 14, 1996, as denied those branches of its motion which were, in effect, to conduct an examination before trial of the plaintiff and to conduct a physical examination of the plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the third-party defendant National Cleaning Contractors which were to conduct an examination before trial of the plaintiff and to conduct a physical examination of the plaintiff are granted.

A third-party defendant has a right to examine the plaintiff before trial and to compel the plaintiff to submit to a physical examination by a doctor designated by the third-party defendant (see, Williams v Long Is. Coll. Hosp., 147 AD2d 558; Rizzo v Steiner, 20 AD2d 909; see also, CPLR 1008). This is the case irrespective of whether there exists any issue created by the

pleadings between a plaintiff and a third-party defendant *(see, Rizzo v Steiner, supra)*. A third-party defendant should not be at the mercy of a mere formal or inept defense to the plaintiff's claims by the defendant third-party plaintiff *(see, Williams v Long Is. Coll. Hosp., supra; Sorrentino v City of New York,* 14 Misc 2d 78). Thus, the Supreme Court erred in denying those branches of the appellant's motion which were to compel the plaintiff to appear at an examination before trial and to submit to a physical exam. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.