■ ZYGMUNT SLEDZ, Respondent, v 333 EAST 68TH STREET CORP. et al., Respondents, and EDITH GREENWOOD, Appellant-Respondent. (And a Third-Party Action.) EDITH GREENWOOD, Second Third-Party Plaintiff-Appellant-Respondent, v MAREK SUCHOCKI, Doing Business as M.S. CONSTRUCTION, et al., Second Third-Party Defendants-Respondents-Appellants, et al., Second Third-Party Defendants. [679 NYS2d 119] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered October 10, 1997, which, *inter alia*, denied the application of second third-party defendant Suchocki to conduct an independent medical examination of plaintiff and denied defendant Greenwood's cross-motion for conditional summary judgment for indemnification against second third-party defendant Marek Suchocki, doing business as M.S. Construction (Suchocki), unanimously modified, on the law, to grant the application of second third-party defendant Suchocki to conduct an independent medical examination, and otherwise affirmed, without costs. Appeal from order of the same court and Justice, entered on or about January 9, 1998, unanimously dismissed, without costs.

Greenwood is the proprietary lessee of a co-op apartment in a building owned by 333 East 68th Street Corp. (333). 333 allowed Greenwood to renovate her apartment pursuant to an agreement by which she agreed to indemnify 333 for damage claims arising out of the work. Through her general contractor, Greenwood hired Suchocki to install new windows, and on September 30, 1991, plaintiff, Suchocki's employee, was injured in a fall while installing a window.

Plaintiff sued 333 and Greenwood, and Greenwood brought a third-party action against Suchocki for common-law indemnification, while 333 asserted contractual indemnification against Greenwood. Suchocki, the employer, supervised the work and provided the tools, and there is no dispute that Greenwood and 333 did not participate in the supervision in any way.

The court dismissed all of plaintiff's claims against Greenwood and the Labor Law §§ 200 and 241 (6) claims against 333 but left in place the Labor Law § 240 (1) claim against 333 solely by way of its status as owner of the premises. The court granted 333's motion for conditional contractual indemnification against Greenwood, but while finding that Greenwood would be entitled to common-law indemnification against Suchocki if 333 were found liable to plaintiff, denied conditional summary judgment to Greenwood as premature. The court also denied Suchocki's motion for an independent medical examination of plaintiff.

While Greenwood, if held liable to 333, would be entitled to common-law indemnification against Suchocki if he is found responsible for plaintiff's injuries, at this point Greenwood's motion for conditional summary judgment on such common-law indemnity claim was properly denied as premature (see, *State of New York v Syracuse Rigging Co.*, 249 AD2d 758).

Since a third-party defendant is not required to rely on the defense mounted by a defendant and third-party plaintiff (see, *Williams v 55 Wall St.*, 239 AD2d 411), we find that there was no basis here to deny second third-party defendant Suchocki permission to conduct an independent medical examination of the plaintiff. Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.