■ BYRON BROWN, by His Father and Legal Guardian, SAM BROWN, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [681 NYS2d 23] —Orders, Supreme Court, New York County (Robert Lippmann, J.), entered January 9, 1998, on or about February 4, 1998, and April 27, 1998; and order, same court (Alfred Toker, J.H.O.), entered on or about May 15, 1998, insofar as they directed a further physical examination of plaintiff Byron Brown by defendants, denied plaintiff's cross motion for costs and sanctions, denied plaintiff's

motion for a trial preference and to refer all motions to the Trial Judge, granted defendants' motion to strike plaintiff's bills of particulars unless plaintiff Byron Brown was made available for examination by defendants as directed in the first of the appealed orders, adhered on the merits to the motion court's decision dated March 26, 1998, striking plaintiff's supplemental bills of particulars, and denied plaintiff's motion for a stay of trial, unanimously affirmed, without costs.

The motion court did not improvidently exercise its discretion in directing a further physical examination of plaintiff Byron Brown despite plaintiff's filing of a note of issue and certificate of readiness, and despite defendants' failure to comply with a previous order to conduct the examination. In light of the new injuries alleged in the supplemental bills of particulars, submitted more than three years after the accident occurred, defendants would have been seriously prejudiced if they had not been afforded an opportunity to reexamine Mr. Brown (*see, Law v City of New York*, 250 AD2d 540; *Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 168 AD2d 376). The motion court also properly denied plaintiff's motion for costs and sanctions. While defendants were not completely forthcoming in their motion to strike plaintiff's supplemental bills of particulars, the court was made aware of their omissions at oral argument. Moreover, it cannot be said that the motion to strike was completely without merit in law or fact or made primarily to harass (*see*, 22 NYCRR 130-1.1). Nor, in light of counsel's failure on two occasions to comply with the motion court's directives that plaintiff be produced for examination, can we say that the motion court improvidently exercised its discretion (*see, Hanson v City of New York*, 227 AD2d 217) in eventually determining to strike plaintiff's supplemental bills of particulars. Finally, in view of the foregoing, it is clear that plaintiff, in seeking a stay of trial, failed to make the requisite showing that there was a likelihood of his prevailing on the merits of the subject issues on appeal or that the equities preponderated in his favor. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.