■ BARBARA VENIA, Respondent, v 18-05 215TH STREET OWNERS, INC., Defendant, and MAINCO CORP., Doing Business as MAINCO ELEVATOR SERVICES, INC., Appellant. [733 NYS2d 876]

—In an action to recover damages for personal injuries, the defendant Mainco Corp., d/b/a Mainco Elevator Services, Inc., appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 3, 2001, which denied its motion to vacate the note of issue and statement of readiness and direct the plaintiff to submit to a physical examination.

Ordered that the order is reversed, without costs or disbursements, and the motion is granted; and it is further,

Ordered that the physical examination of the plaintiff shall be conducted within 90 days after service upon her of a copy of this decision and order with notice of entry at a time and place to be specified in a written notice of not less than 10 days, to be given by the appellant to the plaintiff, or at such other time and place as the parties may agree.

The plaintiff did not receive notice of the appellant's designated examining orthopedist until June 7, 2000, one day after the date by which the examination was to occur pursuant to a compliance conference order signed by the appellant. The plaintiff refused to consent to this untimely request and to another request made over a month later. On November 3, 2000, the plaintiff filed a note of issue and statement of readiness and the appellant timely moved to vacate them (*see,* 22 NYCRR 202.21 [e]).

Although the appellant waived its right to a physical examination of the plaintiff by its failure to designate the physician to conduct the examination by May 6, 2000, the date set forth in the compliance conference order, the circumstances of this case warrant relieving the appellant of its waiver (*see, Poltorak v Blyakham,* 225 AD2d 600; *Williams v Long Is. Coll. Hosp.,* 147 AD2d 558; *Kanterman v Palmiotti,* 122 AD2d 116). The plaintiff has failed to show that she will be prejudiced (*see, Williams v Long Is. Coll. Hosp., supra*). Accordingly, as a matter of discretion in the interest of justice, the appellant should be permitted to conduct a physical examination of the plaintiff. Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.