■ MIRIAM VARGAS, Appellant, v CITY OF NEW YORK, Respondent. [772 NYS2d 381]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 13, 2002, as denied that branch of her motion which was for summary judgment on the issue of liability and (2) an order of the same court (Bruno, J.), dated May 12, 2003, which granted the defendant's motion to compel her to appear for a medical examination to the extent that the defendant was permitted to conduct a neurological examination within 30 days of the date of the order.

Ordered that the order dated December 13, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 12, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In the absence of evidence that the City of New York actually created the defect in the sidewalk, under Administrative Code of the City of New York § 7-201 (c) a party cannot maintain a personal injury action against the City for damages resulting from a defective sidewalk condition unless prior written notice

of the defect has first been given to the City (*see Skates v City of New York*, 304 AD2d 820 [2003]). This is a condition precedent that a plaintiff is required to plead and prove to maintain an action against the City (*see Katz v City of New York*, 87 NY2d 241, 243 [1995]). Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability because there are issues of fact as to where precisely the plaintiff fell, what specific defective condition caused the fall, and whether the City had prior written notice of the alleged defective condition.

Furthermore, even though the City waived its right to conduct medical examinations of the plaintiff, the plaintiff served a second supplemental bill of particulars alleging new injuries. This required additional pretrial proceedings to prevent substantial prejudice to the defendant (*see* 22 NYCRR 202.21 [d]; *McDowell v Eagle Trans. Corp.*, 303 AD2d 655, 656 [2003]). Where no prejudice would result to the opposing party, a court may exercise its discretion to relieve a party of its failure to exercise its right to conduct a physical examination (*see Williams v Long Is. Coll. Hosp.*, 147 AD2d 558, 559 [1989]). Since the failure to exercise the right to conduct the examination was inadvertent and the plaintiff would not suffer prejudice by undergoing an examination at this point, the Supreme Court's determination was proper. Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.