■ NADINE NARINE et al., Respondents, v FAROOK HUSSAIN et al., Appellants. [798 NYS2d 486]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Price, J.), dated July 1, 2004, which granted the plaintiffs' motion, inter alia, to deem the depositions and physical examinations of the plaintiffs by the defendants waived.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, and the motion is denied on condition that the defendants pay the sum of $600 to the plaintiffs; and it is further,

Ordered that the depositions and the physical examinations of the plaintiffs may be conducted at a time to be agreed upon by the parties or, in the event the parties cannot agree, at a time to be fixed by the Supreme Court, Queens County, upon application by either of the parties, provided the defendants pay the said sum of $600 to the plaintiffs; and it is further,

Ordered that the defendants shall have 30 days from the date of service upon them of a copy of this decision and order to pay the sum of $600 to the plaintiffs.

Although the defendants waived their right to depositions and physical examinations of the plaintiffs when they failed to conduct them on the dates set forth in the preliminary conference order, under the circumstances of this case and absent a showing of prejudice to the plaintiffs, the defendants should have been relieved of their waiver (*see Vargas v City of New York,* 4 AD3d 524 [2004]; *Venia v 18-05 215th St. Owners,* 288 AD2d 463 [2001]; *Williams v Long Is. Coll. Hosp.,* 147 AD2d 558 [1989]). However, since the defendants failed to proffer a reasonable excuse for their failure to proceed with the scheduled depositions, the denial of the plaintiffs' motion, inter alia, to deem the depositions and physical examinations of the plaintiffs waived should have been conditioned upon the payment of the sum of $600 to the plaintiffs (*see Williams v Long Is. Coll. Hosp.,*

*supra; Kanterman v Palmiotti,* 122 AD2d 116 [1986]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.