MARIA ALVAREZ, Respondent, v SALVATORE FEOLA, Appellant. [33 NYS3d 700]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered May 18, 2015, which, insofar as appealed from as limited by the briefs, denied defendant's motion to strike the note of issue to permit him to undertake a medical examination of plaintiff, unanimously affirmed, without costs.

Plaintiff alleges that she suffered injuries to both shoulders when she slipped and fell on the sidewalk abutting defendant's premises. Following plaintiff's disclosure that she had arthroscopic surgery on both shoulders, defendant waived his right to a medical examination since he "willfully refused or simply failed to avail [himself] of the opportunity" to conduct plaintiff's medical examination within the deadlines set forth in the preliminary and compliance conference orders (*Rosenberg & Estis, P.C. v Bergos*, 18 AD3d 218, 218 [1st Dept 2005]; *see Colon v Yen Ru Jin*, 45 AD3d 359 [1st Dept 2007]).

After plaintiff served a supplemental bill of particulars alleging another right shoulder surgery and filed a note of issue, the motion court providently exercised its discretion in denying defendant's motion to the extent he sought to compel plaintiff to appear for a medical examination. Defendant offered no reasonable explanation for his failure to notice an examination within the time frames set by the court's orders, and plaintiff alleged only new treatment, not any new injuries (*see Brown v Metropolitan Transp. Auth.*, 256 AD2d 17 [1st Dept 1998]; *Vargas v City of New York*, 4 AD3d 524, 525 [2d Dept 2004]). Notably, defendant was provided an authorization to obtain the relevant medical records and the court granted a further deposition of plaintiff concerning the period between the two right shoulder surgeries, which provides reasonable disclosure concerning the additional treatment. Concur—Tom, J.P., Friedman, Richter, Kapnick and Gesmer, JJ.