Abe v New York Univ. (2019 NY Slip Op 00989)





Abe v New York Univ.


2019 NY Slip Op 00989


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.


105985/10 -157465/16 -8372 8371 8370 8369

[*1]Koya Abe, Plaintiff-Appellant,
v
New York University, et al., Defendants-Respondents.
Koya Abe, Plaintiff-Appellant,
v
New York University, et al., Defendants-Respondents.


Jennifer L. Unruh, Astoria, for appellant.
Davis Wright Tremaine LLP, New York (Lyle S. Zuckerman of counsel), for Cathleen Dawe, respondent.
DLA Piper LLP (US), New York (Brian S. Kaplan of counsel), for
New York University, David M McLaughlin, Nancy Barton, Ken Castronuovo, Joseph Giovannelli, Roger Ho, Mary Brabeck, Barbara Cardeli-Arroyo, respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered December 5, 2017, which to the extent appealed from as limited by the briefs, granted summary judgment dismissing the discrimination and hostile work environment claims in Index Number 105985/10 (the 2010 action); granted defendants' motion to seal confidential information in the 2010 action; denied plaintiff's motion to vacate the note of issue, compel additional discovery, and for discovery related sanctions in the 2010 action; granted defendants' motion to dismiss the complaint in Index Number 157465/16 (the 2016 action); and granted defendants' motion for sanctions against plaintiff and his counsel for engaging in frivolous conduct in both actions, unanimously affirmed, without costs. Orders, same court and Justice, entered April 2, 2018, dismissing, upon reargument, all claims against defendant Cathleeen Dawe in the 2010 action; entered April 3, 2018, ordering certain documents filed in the 2010 action to be sealed; and entered December 19, 2017, referring both actions to a judicial hearing officer or special referee to hear and report on the amount of attorneys' fees owed to defendants as sanctions, unanimously affirmed, without costs. Order, same court and Justice, entered April 2, 2018, which, to the extent appealable, denied plaintiff's motion to renew the summary judgment motions in the 2010 action, unanimously affirmed, without costs.
Assuming that plaintiff established a prima facie case of discrimination on the basis of race, national origin, immigration status, or age (Melman v Montefiore Med. Ctr., 98 AD3d 107, 112-113 [1st Dept 2012]; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 35 [1st Dept 2011], lv denied 18 NY3d 811 [2012]; Bailey v New York Westchester Sq. Med. Ctr., 38 AD3d 119, 123 [1st Dept 2007]; see Executive Law § 296; Administrative Code of City of NY § 8—107[1][a]), [*2]the Supreme Court properly dismissed that claim because plaintiff failed to raise an issue of fact whether defendants' reason for terminating him was pretextual (see Melman, 98 AD3d at 113-114, 120). Defendants demonstrated a legitimate nondiscriminatory reason why they eliminated plaintiff's part-time darkroom lab manager and photography adjunct teaching positions, citing budget cuts and the fact that the duties of another full-time employee, recommended by plaintiff, overlapped significantly with most of plaintiff's duties as part-time darkroom lab manager. Defendant New York University, which was facing an uncertain financial future after the 2007-2008 fiscal crisis, directed each Department to find areas to reduce expenses, including in the Art Department where plaintiff was employed. Defendants did not reappoint plaintiff to semester-long adjunct teaching positions after 2009, but they demonstrated that other adjunct staff who were not reappointed did not share plaintiff's protected characteristics, and that adjunct positions were offered to MFA students who were non-Caucasian. In addition, his supervisor, defendant Nancy Barton, who decided to terminate his positions, is older than plaintiff.
Plaintiff failed to raise triable issues of fact whether defendants' preference for more affordable MFA graduate students, or consolidation of his duties with another employee amount to pretext. He briefly argues that the Art Department spent money on equipment around the time of stated budget issues, but this amounts only to questions regarding whether the company's decision to terminate his employment was correct or justified; they do not raise an inference of pretext, i.e., that defendants' reason for the termination was false and that discrimination was the real reason (Melman, 98 AD3d at 120-121).
The court also properly rejected plaintiff's disparate impact claim (Levin v Yeshiva Univ., 96 NY2d 484 [2001]). NYU showed that of the six other adjuncts who were not reappointed, none were Japanese. All were non-Asian and two were Causasian (see R1148 at ¶¶24-37). Moreover, mere disparate treatment, without a showing that the disparity was based on a protected characteristic, does not amount to discrimination (Mete v New York State Off. of Mental Retardation & Dev. Disabilities, 21 AD3d 288, 297 [1st Dept 2005]).
The Supreme Court incorrectly cited the "severe and pervasive" standard in evaluating plaintiff's hostile work environment claim, instead of applying the more liberal standard under the New York City Human Rights Law (HRL) (Williams v New York City Hous. Auth., 61 AD3d 62, 76, 80 [1st Dept 2009], lv denied 13 NY3d 702 [2009]). Nevertheless, it properly dismissed the claim because plaintiff failed to show that any adverse employment action was on account of any protected class. Instead, plaintiff argued that such claims were in retaliation for his filing prior discrimination complaints, and the court denied dismissal of the retaliation claim. The court correctly concluded that other conduct plaintiff described was either time-barred or consisted of a few vague and stray remarks, which do not, without more, constitute evidence of discrimination (Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 517 [1st Dept 2016], lv denied 28 NY3d 902 [2016]).
The court also properly denied plaintiff's motion for leave to renew the summary judgment motions in the 2010 action because
plaintiff failed to explain why he waited at least four years since the litigation commenced to submit his first FOIA request, and thus did not receive evidence of other discrimination charges filed against NYU sooner (CPLR 2221[e][2]; see Ramos v City of New York, 61 AD3d 51, 54 [1st Dept 2009]). In any case, the mere fact that others filed discrimination claims on similar grounds does not tend to show that NYU acted with any discriminatory intent towards him; thus, they do not constitute "new facts" that would change the prior determination. As a result, plaintiff's motion to renew and reargue was in essence only a motion for reargument, the denial of which is non-appealable as of right (see e.g. Kitchen v Diakhate, 68 AD3d 570 [1st Dept 2009]).
The Supreme Court correctly granted, upon reargument, summary judgment dismissing all claims against defendant Dawe, NYU's former associate general counsel, including aiding and abetting retaliation. Plaintiff cites no facts to show Dawe did anything other than act in her role as an attorney in advising NYU employees regarding discriminatory conduct, and in investigating and gathering information to respond to an EEOC charge plaintiff had filed (see generally Art Capital Group, LLC v Neuhaus, 70 AD3d 605, 606 [1st Dept 2010]). None of the [*3]documents or correspondence plaintiff cites raise any triable issue whether she acted with any discriminatory intent or colluded with others to create a hostile work environment.
The Supreme Court providently exercised its discretion in denying plaintiff's motions to compel additional discovery (GoSMILE, Inc. v Levine, 112 AD3d 469 [1st Dept 2013]) and to vacate the note of issue (Savino v Lewittes, 160 AD2d 176, 178 [1st Dept 1990]). As the voluminous record shows, plaintiff received ample discovery, and he fails to cite any missing information that is material to his case, or explain why he did not seek certain information prior to issuance of the note of issue, six years after commencement of the 2010 action (see Alvarez v Feola, 140 AD3d 596, 597 [1st Dept 2016]; Rosenberg & Estis, P.C. v Bergos, 18 AD3d 218 [1st Dept 2005]). For the same reasons, denial of summary judgment was not warranted on the basis that discovery was not complete (CPLR 3212[f]; Frierson v Concourse Plaza Assoc., 189 AD2d 609, 610 [1st Dept 1993]; see Fulton v Allstate Ins. Co., 14 AD3d 380, 381 [1st Dept 2005]).
Regarding the court's order that certain documents be sealed, plaintiff overlooks that numerous documents have been unsealed since an initial order temporarily directed that all of his opposition papers be sealed. Thus, while he correctly argues that certain public records should be unsealed, they have been unsealed. The court, in its orders entered December 5, 2017 and April 3, 2018 directed only that documents "narrowly tailored" to the definition of "Confidential Information," as defined in the parties' so-ordered stipulation regarding the filing of such information, be sealed. The record demonstrates that the court made a finding of good cause before ordering them sealed (see 22 NYCRR 216.1; Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322, 325 [1st Dept 2006]). Nor was that stipulation nullified, as plaintiff claims.
The Supreme Court properly granted defendants' motion to dismiss the complaint in the 2016 action on res judicata grounds. In an order entered May 12, 2016, Supreme Court, New York County (Joan M. Kenney, J.), denied plaintiff's motion to amend the complaint in the 2010 action to add former NYU President John Sexton as a defendant and assert additional claims under the City HRL against NYU because plaintiff failed to state any reasonable excuse for his delay in doing so in the six years the case had been pending, and defendants would suffer prejudice if additional claims or new parties were added at that stage. Plaintiff subsequently filed a complaint alleging federal employment discrimination causes of action, related federal claims, and Labor Law claims based on the same facts stemming from the 2010 action. On March 30, 2016, the United States District Court for the Southern District of New York dismissed the complaint, and dismissed the federal employment discrimination claims on abstention grounds, as the court found that they were mere parallel counterparts of Abe's claims under the City HRL in the 2010 action (Abe v New York Univ., 2016 WL 1275661 [SD NY 2016]).
After these unsuccessful attempts to add additional discrimination claims and Sexton, in September 2016, plaintiff commenced the 2016 action against NYU and former NYU President Sexton and alleged all of the same federal claims which the Southern District had found overlapped with the 2010 action, additional claims under the City HRL based on the same conduct as in the 2010 action, and Labor Law claims based on the same conduct as in the 2010 action, which alleged that his wages and hours had been reduced.
As his claims could have been and were not raised in the 2010 action, they are barred by res judicata (Matter of Josey v Goord, 9 NY3d 386, 389-390 [2007]; Matter of Hunter, 4 NY3d 260, 269 [2005]). The court thus correctly surmised that the commencement of yet another action against NYU, and against Sexton for the first time in over six years, was an "impermissible attempt at an end-run around" the prior order denying plaintiff's motion for leave to amend the complaint in the 2010 action (see e.g. United States v McGann, 951 F Supp 372, 379-380 [ED NY 1997]; see also CPLR 3211[a][4]; Simonetti v Larson, 44 AD3d 1028 [2d Dept 2007]).
Finally, as the above shows, the court providently exercised its discretion in imposing sanctions for Abe's violation of the stipulation regarding the filing of confidential documents and for commencement of the 2016 action (22 NYCRR § 130-1.1[a],[c]; see also 22 NYCRR § 130-1.1-a[b]; Levy v Carol Mgt. Corp., 260 AD2d 27, 35 [1st Dept 1999]), and enjoining Abe from commencing any further suits in the Supreme Court without prior approval (see e.g. Bikman v [*4]595 Broadway Assoc., 88 AD3d 455, 455-456 [1st Dept 2011], lv denied 21 NY3d 856 [2013]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK