■ Joseph E. Sheehan et al., Respondents, v George Pantelidis, Defendant and Third-Party Plaintiff-Appellant. William F. Savino et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [774 NYS2d 336]—

Order, Supreme Court, New York County (Harold Tompkins, J.), entered February 4, 2003, which, to the extent appealed from as limited by the briefs and stipulated settlements, granted summary judgment dismissing the third-party complaint as against William F. Savino, William F. Savino Architects and Jemco Electrical Contractors, unanimously affirmed, with separate bills of costs.

Plaintiffs and defendant are adjoining property owners, sharing a party wall between their 100-year-old houses. Plaintiffs sued for damage to their house and possessions from noise, dust and unlivable conditions caused by defendant's renovation of his house. Defendant impleaded various contractors he had hired to do the work.

Third-party defendant Savino established that he had been replaced as architect on the project before construction began, with the work proceeding under the plans and supervision of a new architect, thereby relieving Savino of liability for any damages (*see Merritt v Hooshang Constr.*, 216 AD2d 542, 543 [1995]). Moreover, defendant's failure to offer an expert affidavit was fatal to his malpractice claim against the architect (*see 530 E. 89 Corp. v Unger*, 43 NY2d 776 [1977]).

Defendant produced no evidence specifically linking the activities of third-party defendant Jemco, the electrical contractor, to any of plaintiffs' complaints. Concur—Andrias, J.P., Lerner, Friedman and Marlow, JJ.