■ PETER SIMPSON, Respondent, v TRACE EQUIPMENT CORPORATION, Appellant and Third-Party Plaintiff. PALLETS PLUS, INC., Third-Party Defendant-Appellant. [873 NYS2d 830]—

Appeals from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered April 21, 2008 in a personal injury action. The order denied the motion of defendant for leave to make a late motion for summary judgment and for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the claim for failure to warn and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his hand came into contact with the blades of an economy notcher sold by defendant and

third-party plaintiff, Trace Equipment Corporation (Trace), to plaintiff's employer, third-party defendant, Pallets Plus, Inc. (Pallets). A note of issue was filed on December 5, 2007 and, by letter dated January 3, 2008, Trace and Pallets were notified that the matter had been assigned to a specified justice. Included with that letter was a copy of the Justice's local rules, one of which was that "[s]ummary judgment motions must be made within thirty days following filing of the note of issue." Trace and Pallets did not receive the letter and accompanying local rules until January 7, 2008, at which time the deadline for moving for summary judgment had already expired. Trace moved for leave to make a late motion for summary judgment and for summary judgment dismissing the complaint, and Pallets joined in the motion. We conclude that Supreme Court abused its discretion in denying that part of the motion seeking leave to make a late motion for summary judgment inasmuch as Trace established that it would have been impossible for it to comply with the court's truncated deadline. We therefore modify the order accordingly. In our view, Trace "provided a 'satisfactory explanation for the untimeliness' of the proposed summary judgment motion and therefore established good cause for the delay in making the motion" (*Cooper v Hodge*, 13 AD3d 1111, 1112 [2004], quoting *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *see* CPLR 3212 [a]).

We conclude that plaintiff has abandoned the claim for failure to warn. Plaintiff failed to oppose that part of the motion seeking summary judgment dismissing that claim and, indeed, he concedes that he is no longer pursuing such a claim. We therefore further modify the order accordingly. We conclude, however, that Trace failed to establish its entitlement to summary judgment dismissing the claim for design defect inasmuch as Trace failed to establish that the economy notcher "met all applicable industry standards for safety and was reasonably safe for its intended use when it was manufactured" (*Gian v Cincinnati Inc.*, 17 AD3d 1014, 1016 [2005]; *cf. Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 967 [2004]). In addition, Trace failed to establish that the actions of plaintiff were the sole proximate cause of his injuries. The evidence submitted by Trace in support of its motion raises triable issues of fact concerning the circumstances in which plaintiff's hand came into contact with the blades of the economy notcher (*cf. Donuk v Sears, Roebuck & Co.*, 52 AD3d 456 [2008]; *Amaya v L'Hommedieu*, 6 AD3d 638 [2004]). Present—Centra, J.P., Peradotto, Green and Pine, JJ.