■ RITA JONES et al., Appellants, v GRAND OPAL CONSTRUCTION CORP. et al., Respondents. [883 NYS2d 253]—

In an action to recover damages for personal injuries and property damage, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), dated February 25, 2009, as granted those branches of the defendants' motion which were to compel the plaintiffs to submit to physical examinations, and for leave to extend the defendants' time to file a motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants waived their right to conduct physical examinations of the plaintiffs by their failure to arrange for such examinations within the 45-day period set forth in the par-

ties' preliminary conference order (*see Rodriguez v Sau Wo Lau,* 298 AD2d 376 [2002]; *James v New York City Tr. Auth.,* 294 AD2d 471, 472 [2002]; *Schenk v Maloney,* 266 AD2d 199, 200 [1999]), and by their failure to move to vacate the note of issue within 20 days after service of it and the certificate of readiness (*see* 22 NYCRR 202.21 [e]; *James v New York City Tr. Auth.,* 294 AD2d 471, 472 [2002]; *Schenk v Maloney,* 266 AD2d 199, 200 [1999]; *Williams v Long Is. Coll. Hosp.,* 147 AD2d 558, 559 [1989]). However, under certain circumstances and absent a showing of prejudice to the opposing party, the court may exercise its discretion to relieve a party of a waiver of the right to conduct a physical examination (*see Barbosa v Capolarello,* 52 AD3d 629 [2008]; *Cespuglio v SA Bros. Taxi Corp.,* 44 AD3d 697, 698 [2007]; *Williams v Long Is. Coll. Hosp.,* 147 AD2d 558, 559 [1989]; *Kanterman v Palmiotti,* 122 AD2d 116 [1986]). Here, the plaintiffs served a note of issue and statement of readiness 10 days after the expiration of the time period set forth in the preliminary conference order for conducting physical examinations of the plaintiffs and five months prior to the date in said order for filing a note of issue. Within seven days after the plaintiffs prematurely filed a note of issue, the defendants designated an orthopedist and a neurologist to examine the plaintiffs. Thereafter, the defendants promptly made the instant motion, inter alia, to compel the plaintiffs to submit to physical examinations. No prejudice to the plaintiffs has been shown by reason of the short delay, since the case will be retained on the trial calendar (*see Williams v Long Is. Coll. Hosp.,* 147 AD2d 558, 560 [1989]; *Kanterman v Palmiotti,* 122 AD2d 116, 117 [1986]). Accordingly, the Supreme Court providently exercised its discretion in relieving the defendants of their waiver and in granting that branch of the defendants' motion which was to compel the plaintiffs to submit to physical examinations.

The Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for leave to extend their time to move for summary judgment to the extent of permitting such motion no later than 45 days after the completion of physical examinations, since there was significant discovery outstanding at the time the note of issue was filed (*see* CPLR 3212 [a]; *Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124 [2000]; *Marks v Model,* 53 AD3d 533 [2008]; *Sclafani v Washington Mut.,* 36 AD3d 682 [2007]; *Herrera v Felice Realty Corp.,* 22 AD3d 723, 724 [2005]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.