■ MARIA SPANO et al., Appellants, v OMNI ENGINEERING, LLC, et al., Respondents. [893 NYS2d 259]—

The defendants waived their right to conduct a physical examination of the plaintiff Maria Spano (hereinafter the injured plaintiff) by their failure to arrange for such an examination within the 30-day time period set forth in the preliminary conference order dated December 12, 2007 (*see Jones v Grand Opal Constr. Corp.*, 64 AD3d 543, 544 [2009]; *Rodriguez v Sau Wo Lau*, 298 AD2d 376 [2002]; *James v New York City Tr. Auth.*, 294 AD2d 471, 472 [2002]), and by their failure to move to vacate the note of issue within 20 days after service of it and the certificate of readiness (*see* 22 NYCRR 202.21 [e]; *Jones v Grand Opal Constr. Corp.*, 64 AD3d at 544; *James v New York City Tr. Auth.*, 294 AD2d at 472; *Schenk v Maloney*, 266 AD2d 199, 200 [1999]). However, under certain circumstances and absent a showing of prejudice to the opposing party, the court may exercise its discretion to relieve a party of a waiver of the right to conduct a physical examination (*see Jones v Grand Opal Constr. Corp.*, 64 AD3d at 544; *Barbosa v Capolarello*, 52 AD3d 629 [2008]; *Cespuglio v SA Bros. Taxi Corp.*, 44 AD3d

697, 698 [2007]). Within 20 days after the plaintiffs served and filed the note of issue, the defendants scheduled an examination of the injured plaintiff with their designated orthopedist. The examination was initially rescheduled at the injured plaintiff's request and thereafter rescheduled numerous times upon the injured plaintiff's repeated failures to appear for the rescheduled examinations. When the injured plaintiff finally refused to submit to the examination, the defendants promptly moved, inter alia, to compel the injured plaintiff to submit to a physical examination. No prejudice to the plaintiffs was shown, since the case remained on the trial calendar (*see Jones v Grand Opal Constr. Corp.*, 64 AD3d at 544; *Williams v Long Is. Coll. Hosp.*, 147 AD2d 558, 560 [1989]; *Kanterman v Palmiotti*, 122 AD2d 116, 117 [1986]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to compel the plaintiff Maria Spano to submit to a physical examination on the condition that the defendants pay $500 to the plaintiffs by a date certain. Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.