■ Lucy Kung et al., Appellants, v Jimmy Zheng, Also Known as Zhen Zhuo Ping, et al., Defendants, and George K. Jeng, Respondent. [901 NYS2d 334]—

In an action, inter alia, to recover damages for breach of contract and architectural malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), entered October 9, 2009, which granted that branch of the motion of the defendant George K. Jeng which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendant George K. Jeng which was for summary judgment dismissing the complaint insofar as asserted against him is denied.

The plaintiffs Lucy Kung and York Yu Perng Tang purchased a house in Flushing, Queens. Thereafter, they decided to demolish the existing house and to build a new house on the site. The plaintiffs hired the defendant Jimmy Zheng, also known as Zheng Zhuo Ping, of the defendant Shin Yang Construction, as the general contractor. The plaintiffs also entered into a written contract with the defendant George K. Jeng, an architect, in connection with this project. The plaintiffs commenced this action against Zheng, Shin Yang Construction, and Jeng, seeking damages, inter alia, for breach of contract and architectural malpractice. The plaintiffs alleged, among other things, that as a result of faulty design and/or faulty construction, water infiltrated the house and caused a mold condition. As relevant here, Jeng moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, and the Supreme Court granted that branch of the motion.

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in entertaining Jeng's summary judgment motion, even though it was made more than 120 days after a note of issue was filed (see CPLR 3212 [a]). Under the circumstances of this case, Jeng demonstrated "good cause" for the delay in making his motion, since, inter alia, the note of issue was filed while there was significant discovery outstanding (*Brill v City of New York*, 2 NY3d 648, 652 [2004]; see *Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *McArdle v 123 Jackpot, Inc.*, 51 AD3d 743, 745 [2008]; *Sclafani v Washington Mut.*, 36 AD3d 682, 682 [2007]).

However, on the merits, the Supreme Court erred in granting that branch of Jeng's motion which was for summary judgment dismissing the complaint insofar as asserted against him. " 'A claim of professional negligence requires proof that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury' " (*Estate of Burke v Repetti & Co.*, 255 AD2d 483 [1998], quoting *Georgetti v United Hosp. Med. Ctr.*, 204 AD2d 271, 272 [1994]). Here, Jeng established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him based on, inter alia, the affidavit of a licensed architect, who opined that Jeng's architectural plans and designs were proper, conformed to applicable professional standards, and did not deviate from the design as intended (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plaintiffs' contention as to belated disclosure regarding Jeng's expert is not properly before this Court (see *Matter of Bart v Miller*, 302 AD2d 379 [2003]).

However, in opposition to Jeng's prima facie showing, the plaintiffs submitted, among other things, an affidavit of an expert holding a Bachelor of Architecture degree and a Masters in Real Estate, with extensive experience in construction, who stated that he was familiar with architectural standards in the State of New York. This expert inspected the premises, reviewed the architectural plans, and explained why, in his opinion, there had been a deviation from accepted architectural and building standards. Contrary to the Supreme Court's determination, the affidavit of the plaintiffs' expert was sufficient to raise a triable issue of fact (see *Hall v Yonkers Professional Hosp.*, 115 AD2d 637 [1985]).

Furthermore, in opposition to Jeng's prima facie showing that the scope of his responsibilities, as defined by his contract with the plaintiffs, excluded controlled inspections and construction phase field visits, the plaintiffs succeeded in raising triable

issues of fact (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1075-1076 [2007]; *Board of Educ. of City of N.Y. v Mars Assoc.*, 133 AD2d 800, 801 [1987]; *see also QB, LLC v A/R Architects, LLP*, 19 AD3d 675, 677 [2005]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court erred in granting that branch of Jeng's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.