■ TOMASZ GROCHOWSKI et al., Respondents, v BEN RUBINS, LLC, et al., Respondents, and A TO Z STEEL, LLC, Appellant, et al., Defendant. [916 NYS2d 171]—

In an action to recover damages for personal injuries, etc., the defendant A to Z Steel, LLC, appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated September 21, 2009, as granted the motion of the defendants Ben Rubins, LLC, and Emanuel Mizrahi, DDS, P.C., for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the cross motion of those defendants which was to dismiss the cross claim of

the defendant A to Z Steel, LLC, insofar as asserted against them, (2), as limited by its brief, from so much of an order of the same court dated December 3, 2009, as denied its motion for leave to file a late motion for summary judgment, and, upon such leave, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and, as, upon reargument of those branches of the motion of the defendant Emanuel Mizrahi which were for summary judgment dismissing the complaint and the cross claim of the defendant A to Z Steel, LLC, insofar as asserted against him, which had been denied in the order dated September 21, 2009, granted those branches of that motion, and (3) from an order of the same court dated February 25, 2010, which denied its motion for leave to renew and reargue.

Ordered that the appeals from so much of the order dated September 21, 2009, as granted that branch of the motion of the defendants Ben Rubins, LLC, and Emanuel Mizrahi, DDS, P.C., which was for summary judgment dismissing the complaint insofar as asserted against them, and from so much of the order dated December 3, 2009, as granted that branch of the motion of the defendant Emanuel Mizrahi which was for summary judgment dismissing the complaint insofar as asserted against him are dismissed, as the defendant A to Z Steel, LLC, is not aggrieved by those portions of those orders (see CPLR 5511); and it is further,

Ordered that the appeal from so much of the order dated February 25, 2010, as denied that branch of the motion of the defendant A to Z Steel, LLC, which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated December 3, 2009, is reversed insofar as reviewed, on the law, and the motion of the defendant A to Z Steel, LLC, for leave to file a late summary judgment motion and, upon such leave, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the appeals from so much of the order dated September 21, 2009, as granted that branch of the motion of the defendants Ben Rubins, LLC, and Emanuel Mizrahi, DDS, P.C., which was to dismiss the cross claim of the defendant A to Z Steel, LLC, insofar as asserted against them, from so much of the order dated December 3, 2009, as, upon reargument, granted that branch of the motion of the defendant Emanuel Mizrahi which was for summary judgment dismissing the cross claim of the defendant A to Z Steel, LLC, insofar as asserted against

him, and from so much of the order dated February 25, 2010, as denied that branch of the motion of the defendant A to Z Steel, LLC, which was for leave to renew are dismissed as academic in light of our determination on the appeal from the order dated December 3, 2009; and it is further,

Ordered that one bill of costs is awarded to the defendant A to Z Steel, LLC, payable by the respondents appearing separately and filing separate briefs.

The Supreme Court erred in denying that branch of the motion of the defendant A to Z Steel, LLC (hereinafter A to Z Steel), which was for leave to file a late summary judgment motion. A to Z Steel demonstrated good cause for the delay in filing its motion for summary judgment, since the note of issue was filed while there was significant discovery outstanding (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Richardson v JAL Diversified Mgt.*, 73 AD3d 1012, 1012-1013 [2010]; *Kung v Zheng*, 73 AD3d 862, 863 [2010]; *McArdle v 123 Jackpot, Inc.*, 51 AD3d 743, 745 [2008]; *Sclafani v Washington Mut.*, 36 AD3d 682, 682 [2007]).

Furthermore, the Supreme Court should have granted that branch of the motion of A to Z Steel which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. "Labor Law § 240 (1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to a worker performing certain types of construction work" (*Aversano v JWH Contr., LLC*, 37 AD3d 745, 746 [2007]). In addition, to hold a subcontractor or statutory agent of the owner or general contractor absolutely liable under Labor Law §§ 240 or 241, "there must be a showing that the subcontractor had the authority to supervise and control the work giving rise to these duties" (*Kehoe v Segal*, 272 AD2d 583, 584 [2000]). "The determinative factor on the issue of control is not whether a subcontractor furnishes equipment but whether it has control of the work being done and the authority to insist that proper safety practices be followed" (*id.* at 584; *see Temperino v DRA, Inc.*, 75 AD3d 543, 545 [2010]; *Everitt v Nozkowski*, 285 AD2d 442, 443 [2001]). Moreover, "[w]here, as here, the accident occurred as a consequence of the means and methods of the work, 'liability against a subcontractor based upon a claimed violation of Labor Law § 200 and common-law negligence requires a showing that authority was conferred upon the subcontractor to supervise and control the activity which produced the injury' " (*Ramos v Patchogue-Medford School Dist.*, 73 AD3d 1010, 1011 [2010], quoting *Kehoe v Segal*, 272 AD2d at 584). In this case, A to Z Steel demonstrated its

prima facie entitlement to judgment as a matter of law by presenting evidence that it was not responsible for coordinating and supervising the construction project at the subject premises, did not hire the plaintiff's employer, and did not supervise or control the work which produced the injury. In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.