■ ANTONIA GONZALEZ, Respondent, v LOUISE CLAY, Respondent, and DEFONSECA ARCHITECT, P.C., Appellant, et al., Defendant. [921 NYS2d 334]—

In an action to recover damages for personal injuries, the defendant DeFonseca Architect, P.C., appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated June 16, 2008, which denied its motion for summary judgment dismissing the complaint and the cross claim of the defendant Louise Clay, as limited administrator of the estate of Alba Guzman, insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant DeFonseca Architect, P.C., for summary judgment dismissing the complaint and the cross claim of the defendant Louise Clay, as limited administrator of the estate of Alba Guzman, insofar as asserted against it is granted.

"A claim of professional negligence requires proof that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury" (*Kung v Zheng*, 73 AD3d 862, 863 [2010] [internal quotation marks omitted]). Here, the defendant DeFonseca Architect, P.C. (hereinafter DeFonseca), satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law. DeFonseca demonstrated that it did not design the landing upon which the plaintiff fell, that its design of the stairway conformed to the applicable professional standards, and that the construction of the stairway by the defendant Extramar General Construction Corp. (hereinafter Extramar) was not in accordance with DeFonseca's design (*id.*; *see Tirella v American Props. Team*, 145 AD2d 724, 726 [1988]). Further, DeFonseca demonstrated

that it was not responsible for supervising Extramar's work (*see Jewish Bd. of Guardians v Grumman Allied Indus.*, 96 AD2d 465, 467 [1983], *affd* 62 NY2d 684 [1984]). In opposition, no triable issue of fact was raised (*see Sheehan v Pantelidis*, 6 AD3d 251 [2004]; *Tirella v American Props. Team*, 145 AD2d at 726; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court should have granted DeFonseca's motion for summary judgment. Mastro, J.P., Belen, Chambers and Roman, JJ., concur.