SARAH R. PARKER, Plaintiff, v LIJMC-SATELLITE DIALYSIS FACILITY et al., Defendants. HUNTER AMBULANCE, INC., Third-Party Defendant-Appellant. [939 NYS2d 96]—

On October 17, 2007, the plaintiff commenced this action to recover damages for medical malpractice and wrongful death against LIJMC-Satellite Dialysis Facility (hereinafter LIJMC) and St. John's Episcopal Hospital (hereinafter St. John's). The plaintiff served a verified complaint in April 2008.

In August 2008 a preliminary conference was held. According to a preliminary conference order, discovery was to be completed by February 2, 2009, and the plaintiff was to file a note of issue by October 9, 2009. The deadline by which summary judgment motions were to be filed was set for no later than 120 days after the filing of the note of issue. Discovery, however, was not completed by February 2, 2009, and an order was issued at a compliance conference setting forth new discovery deadlines. Despite the new discovery schedule, the plaintiff still had to file her note of issue by October 2009. In September 2009 the plaintiff filed her note of issue and certificate of readiness for trial. However, discovery, including all depositions, remained outstanding. At a conference held on March 8, 2010, the Supreme Court extended the time that the parties could file a motion for summary judgment to May 19, 2010. In the interim, on February 19, 2010, St. John's commenced a third-party action seeking contribution and indemnification against the third-party defendant, Hunter Ambulance, Inc. (hereinafter Hunter). In March 2010, after the date on which the time to file a motion for summary judgment was extended to May 19, 2010, Hunter served an answer to the third-party complaint, with discovery demands. Hunter was not made aware that the plaintiff had filed her note of issue in September 2009 until Hunter received a notice of motion by LIJMC for summary judgment dismissing the complaint insofar as asserted against it in May 2010. At the time LIJMC made that motion, Hunter had yet to receive any responses to its discovery demands. A compliance conference was held on February 1, 2011, at which dates were set for conducting outstanding depositions. During that conference, Hunter and St. John's requested that the time to move for summary judgment be extended. The Supreme Court denied those requests.

On February 14, 2011, Hunter moved, in effect, for leave to serve and file a late motion for summary judgment, or, in the alternative, to sever the third-party action from the main action. St. John's did not oppose that branch of Hunter's motion which was, in effect, for leave to serve and file a late motion for summary judgment, and the plaintiff did not oppose the motion. In an order dated June 21, 2011, the Supreme Court, inter alia, denied Hunter's motion, noting that it had already granted an extension of the deadline by which the parties could move for summary judgment at the conference held on March 8, 2010.

Hunter established good cause in support of that branch of its motion which was, in effect, for leave to serve and file a late motion for summary judgment, since there was significant

discovery outstanding at the time the note of issue was filed and it had yet to receive any discovery by the deadline by which motions for summary judgment were permitted (*see Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Grochowski v Ben Rubins, LLC*, 81 AD3d 589, 591 [2011]; *Richardson v JAL Diversified Mgt.*, 73 AD3d 1012, 1012-1013 [2010]; *Kung v Zheng*, 73 AD3d 862, 863 [2010]; *Abdalla v Mazl Taxi, Inc.*, 66 AD3d 803, 804 [2009]; *Jones v Grand Opal Constr. Corp.*, 64 AD3d 543, 544 [2009]). Furthermore, the third-party action was not commenced until February 2010, and issue was not joined as to Hunter until March 2010, which was only approximately two months before the time to move for summary judgment would expire. Hunter also established good cause to serve and file a late motion for summary judgment by showing that it was not even aware that the plaintiff had been deposed or that the plaintiff's note of issue had been filed when the time by which to move for summary judgment had expired (*see Brill v City of New York*, 2 NY3d at 652; *see e.g. Simpson v Trace Equip. Corp.*, 59 AD3d 1140, 1141 [2009]).

Accordingly, that branch of Hunter's motion which was, in effect, for leave to serve and file a late motion for summary judgment should have been granted. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.