In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated September 18, 2013, as granted that branch of the defendants’ cross motion which was to direct the plaintiff to submit to physical examinations.
*655 Ordered that the order is affirmed insofar as appealed from, with costs.
Although the defendants waived their right to conduct physical examinations of the plaintiff by their failure to arrange for any examination within the 60-day time period set forth in a preliminary conference order, the defendants cross-moved, within 20 days after service of the note of issue, inter alia, to strike the note of issue and demonstrated that discovery was not complete (see 22 NYCRR 202.21 [e]; Gallo v SCG Select Carrier Group, L.P., 91 AD3d 714, 714 [2012]; Spano v Omni Eng’g, LLC, 69 AD3d 922, 922-923 [2010]; Jones v Grand Opal Constr. Corp., 64 AD3d 543, 544 [2009]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in relieving the defendants of their waiver and in granting that branch of their cross motion which was to direct the plaintiff to submit to physical examinations, since there was no showing of prejudice to the plaintiff, reflected by the fact that the case remained on the trial calendar (see Spano v Omni Eng’g, LLC, 69 AD3d at 923; Jones v Grand Opal Constr. Corp., 64 AD3d at 544; Williams v Long Is. Coll. Hosp., 147 AD2d 558, 560 [1989]; Kanterman v Palmiotti, 122 AD2d 116, 117 [1986]). Rivera, J.E, Dickerson, Cohen and Hinds-Radix, JJ., concur.