■ 43 PARK OWNERS GROUP, LLC, et al., Appellants, et al., Plaintiff, v COMMONWEALTH LAND TITLE INSURANCE COMPANY et al., Defendants, and STEWART TITLE INSURANCE COMPANY et al., Respondents. [995 NYS2d 147]—

In an action, inter alia, to recover damages for breach of a title insurance policy, the plaintiffs 43 Park Owners Group, LLC, and Inwood Equities Group, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated July 10, 2012, as granted those branches of the separate motions of the defendant Stewart Title Insurance Company and the defendants Karl Fischer, Karl Fischer Architecture, PLLC, and Karl Fischer Design, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In July 2005, the plaintiff 43 Park Owners Group, LLC (hereinafter 43 Park), purchased a 20% interest in a vacant lot measuring 50-feet by 260-feet that is located on Wadsworth Terrace in Manhattan (hereinafter the property). At the time of the closing, 43 Park also purchased a title insurance policy from the defendant Stewart Title Insurance Company (hereinafter Stewart), and the plaintiff Inwood Equities Group, Inc. (hereinafter Inwood), acquired a mortgage on the property and a title insurance policy issued by Stewart.

The 260-foot-wide easterly boundary of the property runs along Wadsworth Terrace and slopes down very steeply from northeast to southeast. The southeastern corner of the property is approximately 30 feet below street level, and the northeastern corner is approximately four feet below street level. Running along the easterly boundary of the property along the Wadsworth Terrace sidewalk is a retaining wall owned by the New York City Department of Transportation (hereinafter the DOT). The $1^1/_2$-foot-wide stone retaining wall extends 30 feet below street level and about four feet above street level.

The defendants Karl Fischer, Karl Fischer Architecture, PLLC, and Karl Fischer Design, Inc. (hereinafter collectively the Karl Fischer defendants), drafted plans for a new six-story high-end residential building to be constructed on the property. The plans provided for the removal of the four-foot above-grade portion of the retaining wall, per New York City Department of Buildings (hereinafter the DOB) standards, and for sidewalk repair, per DOT standards.

In September 2005, an application was filed with the DOB for a permit to perform the work for the proposed project, the application was approved, a "new building construction" work permit was issued, and construction commenced. A section of the above-grade portion of the retaining wall was removed, and heavy construction machinery was placed on the property.

Construction was halted, however, when the DOT became concerned that the construction on the property would diminish the structural support to the area that the retaining wall provided. In 2007, the DOT and 43 Park, and Wadsworth Condos, LLC (hereinafter Wadsworth), which holds an 80% interest in the property, entered into an agreement which permitted the construction of the project "in accordance with the plans as filed with and approved by" the DOB, including the demolition of the above-grade portion of the retaining wall, in a manner that maintained the structural integrity of the wall.

In 2008, 43 Park, Inwood, and Wadsworth commenced the instant action against, among others, Stewart and the Karl Fischer defendants. 43 Park and Inwood alleged a breach of their title insurance policies from Stewart, on the ground that Stewart failed to disclose that the retaining wall blocked access from the public street (i.e., Wadsworth Terrace) to the property. In addition, 43 Park and Wadsworth alleged professional malpractice against the Karl Fischer defendants. Stewart moved, and the Karl Fischer defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted those branches of the motions. 43 Park and Inwood appeal.

The title insurance policies purchased from Stewart by 43 Park and Inwood insure against "[l]ack of a right of access to and from the land." "[S]uch a provision refers to the absence of a legal right to access and does not cover claims concerning lack of an existing means of physical access" (*Green v First Am. Tit. Ins. Co.*, 2005 WL 2249760, \*4, 2005 Cal App Unpub LEXIS 9061, \*12 [Ct App, 4th Dist 2005]; *see Uzzle v Nunzie Ct. Homeowners Assn., Inc.*, 70 AD3d 928 [2010]; *Magna Enters., Inc. v*

*Fidelity Natl. Tit. Ins. Co.*, 104 Cal App 4th 122, 125-128, 127 Cal Rptr 2d 681, 683-685 [Ct App, 4th Dist 2002]). On its motion for summary judgment, Stewart established that 43 Park and Inwood have a legal right of access because the subject property abuts a public street (*see Mafetone v Forest Manor Homes*, 34 AD2d 566, 567 [1970]; *see also Riordan v Lawyers Tit. Ins. Corp.*, 393 F Supp 2d 1100, 1104-1106 [D NM 2005]; *Magna Enters., Inc. v Fidelity Natl. Tit. Ins. Co.*, 104 Cal App 4th 122, 127 Cal Rptr 2d 681 [2002]; *Krause v Title & Trust Co. of Florida*, 390 So 2d 805 [Fla Ct App, 5th Dist 1980]; *Title & Trust Co. of Florida v Barrows*, 381 So 2d 1088, 1090 [Fla Ct App, 1st Dist 1979]). In opposition to Stewart's prima facie showing of entitlement to judgment as a matter of law, 43 Park and Inwood failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted that branch of Stewart's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court also properly granted that branch of the Karl Fischer defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. "A claim of professional negligence requires proof that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury" (*Georgetti v United Hosp. Med. Ctr.*, 204 AD2d 271, 272 [1994]; *see Bruno v Trus Joist a Weyerhaeuser Bus.*, 87 AD3d 670, 672 [2011]; *Kung v Zheng*, 73 AD3d 862, 863 [2010]). The Karl Fischer defendants established, prima facie, that they did not depart from the accepted standards of practice (*see Gonzalez v Clay*, 83 AD3d 999 [2011]; *Kung v Zheng*, 73 AD3d at 863). In opposition, 43 Park and Inwood failed to raise a triable issue of fact (*see Gonzalez v Clay*, 83 AD3d 999 [2011]; *see generally Zuckerman v City of New York*, 49 NY2d at 562). Rivera, J.P., Hall, Miller and Duffy, JJ., concur.