■ JULIENNE CHAN, Appellant, v AUTO TRADERS OF 5 TOWNS, INC., et al., Respondents. [24 NYS3d 367]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated February 18, 2015, which granted the

defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in entertaining the defendants' late summary judgment motion, as the defendants established good cause for the delay (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648 [2004]; Grochowski v Ben Rubins, LLC, 81 AD3d 589, 591 [2011]).

Nevertheless, on the merits, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.