■ JENNIFER MONDESIR et al., Respondents, v ANNMARIE STERLING, Appellant, et al., Defendant. [53 NYS3d 140]—In an action to recover damages for personal injuries, the defendant Annmarie Sterling appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated September 22, 2015, as, in effect, upon reargument, adhered to its original determination in an order dated May 11, 2015, denying, as untimely, her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated May 11, 2015, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a determination of the merits of the motion of the defendant Annmarie Sterling for summary judgment dismissing the complaint insofar as asserted against her.

Following the joinder of issue and partial disclosure in this action, the plaintiff filed a note of issue. The defendant Annmarie Sterling (hereinafter the defendant) moved to strike the note of issue on the ground that substantial discovery remained outstanding. In an order dated February 10, 2015, the Judicial Hearing Officer supervising discovery in the action denied the motion, but directed the prompt completion of discovery and extended the defendant's time to move for summary judgment. The defendant thereafter moved for summary judgment dismissing the complaint insofar as asserted against her within the extension period granted in the February 10, 2015, order. However, in an order dated May 11, 2015, the Supreme Court denied the motion as untimely, observing that it had been made beyond the 60-day time limit for summary

judgment motions pursuant to Kings County Supreme Court Uniform Civil Term Rules, Part C, Rule 6. The defendant then moved, inter alia, for leave to reargue on the ground that the Supreme Court had overlooked the extension of time set forth in the February 10, 2015, order. In an order dated September 22, 2015, the Supreme Court rejected the defendant's arguments and adhered to its prior determination. The defendant appeals.

As the Supreme Court reviewed the defendant's contentions on the motion for leave to reargue, the court, in effect, granted reargument and adhered to its original determination. Therefore, the order dated September 22, 2015, made upon reargument, is appealable (see *Stile v Jen Mar. Dev., LLC*, 69 AD3d 707 [2010]).

The Supreme Court erred in disregarding the extension of time to move for summary judgment granted in the order dated February 10, 2015, which was supported by good cause (see e.g. *Grochowski v Ben Rubins, LLC*, 81 AD3d 589 [2011]; *Richardson v JAL Diversified Mgt.*, 73 AD3d 1012 [2010]; *Sclafani v Washington Mut.*, 36 AD3d 682 [2007]), and which was validly made by the Judicial Hearing Officer designated to supervise disclosure, who possessed the same powers as the court to grant the extension (see generally CPLR 3104; *Crow-Crimmins-Wolff & Munier v County of Westchester*, 110 AD2d 871, 872 [1985]).

Accordingly, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Kings County, for a determination of the merits of the defendant's motion for summary judgment. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.