Khan v Macchia (2018 NY Slip Op 06519)





Khan v Macchia


2018 NY Slip Op 06519


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-05570
 (Index No. 13888/14)

[*1]Zorida Khan, plaintiff, 
v
Angelina Macchia, appellant, et al., defendant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Joel A. Sweetbaum], of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Angelina Macchia appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 14, 2016. The order denied that defendant's unopposed motion for leave to extend the time to move for summary judgment until 120 days after completion of discovery.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the motion of the defendant Angelina Macchia for leave to extend the time to move for summary judgment is granted, and the matter is remitted to the Supreme Court, Queens County, for the selection of a new date by which summary judgment motions shall be filed.
On January 31, 2014, the plaintiff allegedly tripped and fell on an uneven sidewalk in front of premises owned by the defendant Angelina Macchia. The plaintiff commenced an action against Macchia and the City of New York to recover damages for personal injuries.
In March 2016, the plaintiff filed a note of issue, accompanied by an affirmation of her counsel which stated, inter alia, that while discovery was not complete and the depositions of all parties were still outstanding, the note of issue and certificate of readiness were being filed in order to comply with the part rules of the assigned Justice. At a subsequent conference, a Court Attorney Referee (Anna M. Grimaldi, Ct. Atty. Ref.), so-ordered a stipulation which directed that Macchia's deposition was to be held on July 20, 2016, and the City's deposition was to be held on July 22, 2016. On July 8, 2016, Macchia moved for leave to extend her time to file a summary judgment
motion until 120 days after completion of discovery. The Supreme Court denied the unopposed motion, and Macchia appeals.
Upon the filing of a note of issue, there are two separate and distinct methods to obtain further disclosure. The first method, pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.21(e), provides, in pertinent part, that: "Within 20 days after service of a note of issue and certificate of readiness, any party to the action or special proceeding may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect."
The second method, pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.21(d), provides, in pertinent part, that: "Where unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial [*2]proceedings to prevent substantial prejudice, the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings."
Here, it appears that Macchia did not comply with either method, but, because depositions of the parties had not yet been conducted, the Court Attorney Referee so-ordered a stipulation which directed that further discovery take place beyond the date that summary judgment motions were to be filed. Given the Court Attorney Referee's implicit consent to the basis for the extension of the time to move for summary judgment, Macchia reasonably believed that the deadline for summary judgment motions would likewise be extended. Thus, under these particular facts and circumstances, we find that Macchia demonstrated good cause for allowing an extension of time to move for summary judgment (see Brill v City of New York, 2 NY3d 648, 652; Parker v LIJMC-Satellite Dialysis Facility, 92 AD3d 740; 741-742; Grochowski v Ben Rubins, LLC, 81 AD3d 589, 591; Richardson v JAL Diversified Mgt., 73 AD3d 1012, 1012-1013; Kung v Zheng, 73 AD3d 862, 863; Abdalla v Mazl Taxi, Inc., 66 AD3d 803, 804; Jones v Grand Opal Constr. Corp., 64 AD3d 543, 544; McArdle v 123 Jackpot, Inc., 51 AD3d 743, 745; Sclafani v Washington Mut., 36 AD3d 682, 682). Accordingly, the Supreme Court should have granted Macchia's motion for leave to extend the time to move for summary judgment, and we remit the matter to the Supreme Court, Queens County, for the selection of a new date by which summary judgment motions shall be filed.
We nevertheless remind counsel and the courts supervising discovery that provisions for the timely completion of discovery and the filing of motions for summary judgment are not mere suggestions, and noncompliance with those provisions should not readily be excused.
In light of our determination, Macchia's remaining contention has been rendered academic.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court