Andujar v Boyle (2021 NY Slip Op 00400)





Andujar v Boyle


2021 NY Slip Op 00400


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-06980
 (Index No. 69668/17)

[*1]Jessica. Andujar, respondent, 
v
Christine Susan Boyle, et al., appellants.


Collins, Fitzpatrick & Schoene, LLP, White Plains, NY (Ralph F. Schoene of counsel), for appellants.
Tomkiel & Tomkiel, Scarsdale, NY (Matthew Tomkiel of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 6, 2019. The order denied the defendants' motion to strike the note of issue and certificate of readiness and to compel the plaintiff to appear for an independent medical examination.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendants' motion to strike the note of issue and certificate of readiness and to compel the plaintiff to appear for an independent medical examination is granted.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on October 20, 2016. After the plaintiff filed a note of issue and certificate of readiness which indicated that the defendants waived their right to conduct physical examinations of the plaintiff, the defendants moved to strike the note of issue and certificate of readiness and to compel the plaintiff to appear for an independent medical examination. The Supreme Court denied the defendants' motion, and the defendants appeal.
Although a defendant waives the right to medical examinations of the plaintiff by failing to conduct them within the time period set forth in compliance conference orders (see Arroyo v Lacuesta, 140 AD3d 994; Rivera-Martinez v New York City Tr. Auth., 114 AD3d 654, 655; Spano v Omni Eng'g, LLC, 69 AD3d 922), "under certain circumstances and absent a showing of prejudice to the opposing party, the court may exercise its discretion to relieve a party of a waiver of the right to conduct a physical examination" (Spano v Omni Eng'g, LLC, 69 AD3d at 922; see Jones v Grand Opal Constr. Corp., 64 AD3d 543, 544). Here, a scheduled medical examination of the plaintiff failed to happen due to a clerical error by the vendor that scheduled the examination. Consequently, the defendants did not have the opportunity to conduct an independent medical examination of the plaintiff. Further, no prejudice was shown by the plaintiff. Under these circumstances, the Supreme Court improvidently exercised its discretion in denying the defendants' motion to strike the note of issue and certificate of readiness and to compel the plaintiff to appear for an independent medical examination (see Moses v B & E Lorge Family Trust, 147 AD3d 1043, 1044-1045; Rivera-Martinez v New York City Tr. Auth., 114 AD3d at 655; Spano v Omni Eng'g, LLC, 69 AD3d at 922-923; Jones v Grand Opal Constr. Corp., 64 AD3d at 544).
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court