Newfeld v Midwood Ambulance & Oxygen Serv., Inc. (2022 NY Slip Op 02422)

Newfeld v Midwood Ambulance & Oxygen Serv., Inc.

2022 NY Slip Op 02422

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2020-06961
 (Index No. 509889/15)

[*1]Shelley Newfeld, etc., respondent, 
v
Midwood Ambulance & Oxygen Service, Inc., et al., appellants.

Cascone & Kluepfel, Garden City, NY (Howard B. Altman of counsel), for appellants.
Burns & Harris, New York, NY (Judith F. Stempler of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated August 24, 2020. The order, insofar as appealed from, denied those branches of the defendants' motion which were for leave to renew those branches of their prior motion which were to vacate the note of issue and certificate of readiness and extend the time to move for summary judgment, which had been determined in an order of the same court dated February 7, 2020.
ORDERED that the order dated August 24, 2020, is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were for leave to renew those branches of their prior motion which were to vacate the note of issue and certificate of readiness and extend the time to move for summary judgment are granted, and, upon renewal, so much of the order dated February 7, 2020, as determined those branches of the prior motion which were to vacate the note of issue and certificate and readiness and extend the time to move for summary judgment is vacated, those branches of the prior motion are thereupon granted, and the matter is remitted to the Supreme Court, Kings County, for the selection of a new date by which summary judgment motions shall be filed.
The underlying facts for this action can be found in our decision on a related appeal decided herewith (see Newfeld v Midwood Ambulance & Oxygen Serv., Inc., ___ AD3d ___ [Appellate Division Docket No. 2019-13509; decided herewith]). In that decision and order, we are affirming the Supreme Court's order granting the plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defenses alleging comparative negligence. The instant appeal involves the parties' later readiness for trial and the time for the defendants to move for summary judgment on the issue of whether the plaintiff or Eric Lewis sustained a serious injury within the meaning of Insurance Law § 5102(d).
On December 31, 2019, the plaintiff filed a note of issue and certificate of readiness. By notice of motion dated January 8, 2020, the defendants moved (1) to vacate the note of issue and certificate of readiness, (2) to extend the time to move for summary judgment, and (3) to direct the plaintiff to comply with outstanding discovery, including that the plaintiff appear for independent medical examinations. In an order dated February 7, 2020, the Supreme Court directed the plaintiff to comply with the defendants' outstanding discovery demands and, in effect, extended the deadline to move for summary judgment until March 1, 2020. The court, however, denied that branch of the defendants' motion which was to vacate the note of issue and certificate of readiness.
Thereafter, the defendants moved for leave to renew those branches of their prior motion which were to vacate the note of issue and certificate of readiness and extend the time to move for summary judgment, asserting, inter alia, that Newfeld failed to appear for independent medical examinations. While the defendants' motion for leave to renew was pending, all discovery was completed. In an order dated August 24, 2020, the Supreme Court denied the defendants' motion for leave to renew. The defendants appeal.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Palmer-Williams v Rubin, 187 AD3d 773, 774; McHale v Metropolitan Life Ins. Co., 165 AD3d 914, 915).
Here, the defendants submitted evidence showing that after their prior motion was decided, the plaintiff did not attend scheduled independent medical examinations because of illness and that discovery was further delayed by the COVID-19 shutdown. As a result, the defendants established good cause for their failure to timely move for summary judgment (see Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129; Parker v LIJMC-Satellite Dialysis Facility, 92 AD3d 740, 741-742; Jones v Grand Opal Constr. Corp., 64 AD3d 543, 544). Under these COVID-19-related circumstances, the Supreme Court improvidently denied those branches of the defendants' motion which were for leave to renew those branches of their prior motion which were to vacate the note of issue and certificate of readiness and extend the time to move for summary judgment. Upon renewal, the court should have granted those branches of the defendants' motion which were to vacate the note of issue and certificate of readiness and to extend the time to move for summary judgment. We therefore remit the matter to the Supreme Court, Kings County, for the selection of a new date by which summary judgment motions shall be filed.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court