6901, LLC v Caputo (2025 NY Slip Op 04529)

6901, LLC v Caputo

2025 NY Slip Op 04529

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2020-06532
 (Index No. 507756/17)

[*1]6901, LLC, appellant, 
v
Andrea Caputo, respondent.

Goldberg & Cohn, LLP, Brooklyn, NY (Elliott S. Martin of counsel), for appellant.
William J. Dockery, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 20, 2020. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court dated November 18, 2019, granting those branches of the defendant's motion which were for summary judgment dismissing the first through sixth and the ninth causes of action.
ORDERED that the order dated July 20, 2020, is affirmed insofar as appealed from, with costs.
In 2004, when the defendant, Andrea Caputo, retired, she entered into an agreement with her business partners to transfer any jointly-owned property and business interests to them. In return, Caputo received a promissory note that was secured by a mortgage on a building located in Brooklyn (hereinafter the property). The property had four residential units and a commercial unit. The mortgagor, Circles Bay Ridge Realty Corp. (hereinafter CBRRC), was a business owned by Caputo's partners.
In 2007 to 2009, CBRRC experienced financial difficulties, and Caputo provided money to CBRRC or on its behalf. In 2009, Caputo received a second mortgage on the property, which was consolidated with the first mortgage. In 2011, the Secretary of State dissolved CBRRC by proclamation. At some point thereafter, Caputo collected rent directly from the residential tenants, which accounted for most of the monthly payment due to her under the note.
In 2016, the plaintiff purchased all of the shares of CBRRC at a public auction. In 2017, the plaintiff commenced this action against Caputo. The complaint alleged, among other things, that Caputo became a mortgagee in possession when she collected the rents and failed to properly fulfill her duties as a mortgagee in possession.
Caputo moved, inter alia, for summary judgment dismissing the first through sixth and the ninth causes of action, arguing, among other things, that the plaintiff lacked capacity to commence this action, that the complaint was time-barred, and that her submissions demonstrated that she was not a mortgagee in possession. In an order dated November 18, 2019, the Supreme Court, inter alia, granted those branches of the motion. Thereafter, the plaintiff moved for leave to [*2]reargue its opposition to those branches of Caputo's motion which were for summary judgment dismissing the first through sixth and the ninth causes of action. In an order dated July 20, 2020, the court, among other things, in effect, upon reargument, adhered to the prior determination granting those branches of Caputo's motion. The plaintiff appeals.
As the Supreme Court reviewed the plaintiff's contentions on its motion for leave to reargue, the court, in effect, granted reargument and, upon reargument, adhered to its prior determination. Accordingly, contrary to Caputo's contention, the order dated July 20, 2020, made, in effect, upon reargument, is appealable (see Mondesir v Sterling, 149 AD3d 1067, 1068). Furthermore, contrary to Caputo's contention, the court had jurisdiction to reconsider its prior determination, regardless of statutory time limits concerning motions to reargue (see Kugel v Reynolds, 228 AD3d 743, 746-747; Itzkowitz v King Kullen Grocery Co., Inc., 22 AD3d 636, 638). The plaintiff's appeal from the order dated November 18, 2019, was pending and unperfected at the time that its motion for reargument was made. Under these circumstances, the court providently entertained the plaintiff's motion for leave to reargue, notwithstanding that it was made beyond the 30-day limit set forth in CPLR 2221(d)(3) (see Kugel v Reynolds, 228 AD3d at 746-747; Terio v Spodek, 63 AD3d 719, 720-721).
Upon reargument, the Supreme Court correctly adhered to its prior determination granting those branches of Caputo's motion which were for summary judgment dismissing the first through sixth and the ninth causes of action. "By definition, a mortgagee in possession is '[a] mortgagee who takes control of mortgaged land by agreement with the mortgagor, usu[ally] upon default of the loan secured by the mortgage'" (Mardenborough v U.S. Bank N.A., 201 AD3d 641, 644, quoting Black's Law Dictionary [11th ed 2019], mortgagee in possession). "Taking possession of the property means acquiring the benefits of possession, including the value of use, rents, and profits, as well as assuming all the legal duties and obligations that flow from possession" (id. at 646). "[A] mortgagee cannot be in possession without consent of the mortgagor" (id. at 644, quoting Hoye v Bridgewater, 134 App Div 255, 256; see Gordon v Krellman, 207 App Div 773). "In order to acquire the rights of a mortgagee in possession it [is] necessary for the [party claiming such status] to show that it had entered with the mortgagor's consent, or had otherwise entered lawfully" (Herrmann v Cabinet Land Co., 217 NY 526, 528; see Mardenborough v U.S. Bank N.A., 201 AD3d at 644). Here, Caputo's submissions in support of her motion for summary judgment demonstrated, prima facie, that Caputo never took full possession of the property, either as a mortgagee in possession or pursuant to paragraph 13 of the mortgage agreement. Although Caputo took measures to protect her rights in the property by beginning to collect the residential rents and apply them to her loan, Caputo established that CBRRC remained in possession of the property. There is no evidence in the record to demonstrate that the parties reached an agreement that Caputo take full possession of the property with all the rights and obligations that possession entails (see Mardenborough v U.S. Bank N.A., 201 AD3d at 645). Rather, the evidence proferred by Caputo in support of her summary judgment motion, demonstrated, prima facie, that Caputo did not acquire all of the benefits of possession, including the commercial rent. Therefore, Caputo did not assume any legal duties or obligations of a mortgagee in possession. Further, contrary to the plaintiff's contention, the terms of paragraph 13 of the mortgage agreement did not place any further responsibilities on Caputo, as she did not elect to take full possession of the property.
In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.

2020-06532 DECISION & ORDER ON MOTION
6901, LLC, appellant, v Andrea Caputo, respondent.
(Index No. 507756/17)

Motion by the defendant to dismiss the appeal on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated April 21, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court