■ Nyoka Acevedo et al., Respondents, v New York City Transit Authority et al., Appellants. [742 NYS2d 541] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered March 19, 2001, which denied defendant New York City Transit's motion to strike the note of issue and statement of readiness and strike the case from the trial calendar, unanimously modified, on the law, the facts and in the exercise of discretion, to grant the motion insofar as to direct that, within 30 days of service of a copy of this order with notice of entry, plaintiff produce the requisite medical records and reports to defendant and that, within 45 days of such disclosure, the infant plaintiff submit to physical examination by defendant's examining physicians, and otherwise affirmed, without costs.

The existence of three notes of issue in the court file, none of which bore the same filing date and only one of which had an attached affidavit of service, lends credence to defendant's allegation that it never received service of plaintiff's note of issue. In addition, in light of plaintiff's allegations as to the extent of her injuries and defendant's consequent need for its own physical examinations of her, and in view of the circumstance that the delay entailed by affording defendant the examinations will not prejudice plaintiff, the trial of the matter having already been delayed by the withdrawal of plaintiff's trial counsel, we find it appropriate to grant defendant's motion as indicated (*see, Urena v Bruprat Realty Corp.*, 179 AD2d 505; *Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 168 AD2d 376; *Williams v Long Is. Coll. Hosp.*, 147 AD2d 558). Concur—Tom, J.P., Mazzarelli, Andrias, Sullivan and Friedman, JJ.