■ JAMES BERMEL, Respondent, v JASON DAGOSTINO, Appellant. [855 NYS2d 73]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered March 21, 2007, which, in an action for personal injuries, denied defendant's motion to compel plaintiff to appear for independent medical examinations (IMEs), unanimously reversed, on the law and the facts, without costs, and the motion granted.

The record reveals that prior to and following the filing of the note of issue, defendant made numerous unanswered requests for medical records documenting plaintiff's preexisting condition from plaintiff's treating physician. The lack of response prevented defendant from scheduling the subject IMEs in a timely fashion inasmuch as the medical records were necessary to determine whether there was a causal relationship between plaintiff's current condition and defendant's alleged negligence. When defendant did receive the medical records approximately one month after the expiration of a stipulation signed by the parties granting defendant additional time for discovery, he promptly sought to schedule the IMEs, but plaintiff refused to cooperate. Under these circumstances, we find that defendant demonstrated unusual and unanticipated circumstances so as to warrant granting the relief requested (*see* 22 NYCRR 202.21 [d]; *Urena v Bruprat Realty Corp.*, 179 AD2d 505 [1992]; *Williams v Long Is. Coll. Hosp.*, 147 AD2d 558 [1989]), and that plaintiff will not be prejudiced by having to appear for the IMEs (*see Acevedo v New York City Tr. Auth.*, 294 AD2d 310 [2002]). Concur—Lippman, P.J., Tom, Buckley and Moskowitz, JJ.