Rom v Eurostruct, Inc. (2020 NY Slip Op 00054)





Rom v Eurostruct, Inc.


2020 NY Slip Op 00054


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


300960/15 10697NA 10697N

[*1] Bradford Rom, Plaintiff-Appellant,
v
Eurostruct, Inc., et al., Defendants-Respondents.


Oresky & Associates, PLLC, Bronx (John J. Nonnenmacher of counsel), for appellant.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about June 21, 2019, which, inter alia, granted defendants' motion seeking authorizations for plaintiff's public health insurance records from 2004 to the present, and stayed his deposition as to injuries contained in the fourth, fifth, and sixth supplemental bills of particulars, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about June 4, 2019, unanimously dismissed, without costs, as superseded by the June 21, 2019 order.
The court providently exercised its discretion in compelling additional discovery. Defendants established substantial prejudice where unusual or unanticipated circumstances developed subsequent to the filing of the note of issue (see Bermel v Dagostino, 50 AD3d 303 [1st Dept 2008]; Esteva v Catsimatidis, 4 AD3d 210 [1st Dept 2004]). Plaintiff raised specific and significant injuries to his lumbar spine for the first time after the note of issue had been filed, warranting a further deposition and medical examination (see Jenkins v 312 W. 121st St., 30 AD2d 937 [1st Dept 1968]). Furthermore, plaintiff's claims of aggravation and exacerbation of a preexisting, latent, and asymptomatic degenerative condition entitled defendants to authorizations unrestricted by date (see McGlone v Port Auth. of N.Y. & N.J., 90 AD3d 479, 480 [1st Dept 2011]; Rega v Avon Prods., Inc., 49 AD3d 329, 330 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK