Linares v City of New York (2021 NY Slip Op 05292)





Linares v City of New York


2021 NY Slip Op 05292


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Index No. 303086/15 Appeal No. 14274 Case No. 2020-03690 

[*1]Enrique Linares, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Appellants.


Cerussi & Spring, P.C., White Plains (Jennifer R. Freedman of counsel), for appellants.
Gorayeb & Associates, P.C., New York (David A. Cvengros of counsel), for respondent.



Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered on or about March 6, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion to vacate the note of issue and compel plaintiff to appear for a supplemental orthopedic examination and deposition, unanimously modified, on the law and the facts, to the extent of directing plaintiff to appear for a deposition concerning only the additional medical treatment described in the second supplemental bill of particulars, and for a second orthopedic examination, and otherwise affirmed, without costs.
Plaintiff's second supplemental bill of particulars, served after the filing of the note of issue, alleged that he would need additional surgeries and medical treatments with associated costs well beyond what was pled in the bills of particulars served before the note of issue was filed (see Olivo v Nazario, 154 AD3d 624 [1st Dept 2017]). Those medical treatments are purported to be causally related to an injury to plaintiff's lower back, and were not pled in the original and supplemental bills of particulars, or addressed by defendants' medical experts (see Rom v Eurostruct, Inc., 179 AD3d 418 [1st Dept 2020]; cf. Schroeder v IESI NY Corp., 24 AD3d 180, 181-182 [1st Dept 2005]). Moreover, in the notice of expert witness served after the note of issue was filed, plaintiff indicated that he would call an expert to testify to the additional surgeries and treatments alleged in the second supplemental bill of particulars (see Karakostas v Avis Rent A Car Sys., 306 AD2d 381, 382 [2d Dept 2003]). Thus, defendants should be permitted to conduct a further deposition, limited to the additional surgeries and treatments contained in the second supplemental bill of particulars, and an orthopedic examination to assess plaintiff's claimed need for such treatment.
The court properly declined to vacate the note of issue, as defendants failed to show that they would be prejudiced by the case remaining on the trial calendar while this limited discovery is completed (see Valencia v City of New York, 188 AD3d 549, 550 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021